J-S32038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK GRABOWSKI, | : | |
| | : | |
| Appellant | : | No. 2067 WDA 2014 |

Appeal from the Order entered on November 25, 2014
in the Court of Common Pleas of Erie County,
Criminal Division, No. CP-25-CR-0000081-2011

BEFORE: SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED JUNE 03, 2015**

Mark Grabowski ("Grabowski"), *pro se*, appeals from the trial court's Order denying his *pro se* Motion for Reconsideration *Nunc Pro Tunc*. We vacate the Order and remand for further proceedings.

The trial court thoroughly set forth in its Opinion the relevant history underlying this appeal, which we incorporate herein by reference. **See** Trial Court Opinion, 2/6/15, at 1-3.[1]

On appeal, Grabowski presents the following issue for our review: "Did the trial [court] abuse its discretion by denying [Grabowski's] post-sentence and direct appeal rights[,] *nunc pro tunc*[,] when the absence of

---

[1] Keith H. Clelland, Esquire ("Attorney Clelland") represented Grabowski during his prior appeal to this Court, and on remand during the re-sentencing hearing on January 9, 2014.

[Grabowski's] filing was caused by an extraordinary breakdown in the Erie County Court of Common Pleas?" Brief for Appellant at 4.

Grabowski argues that the trial court erred by denying his request to file, *nunc pro tunc*, a direct appeal or post-sentence motions, since (1) Attorney Clelland was ineffective in failing to timely file post-sentence motions, thereby forcing Grabowski to file them *pro se*; (2) although Attorney Clelland allegedly informed Grabowski that he would no longer represent Grabowski after the re-sentencing hearing, Attorney Clelland remained counsel of record, which thereby made Grabowski's filing of his *pro se* Petition for Reconsideration an improper hybrid filing;[2] and (3) if this Court does not reinstate Grabowski's rights to file post-sentence motions and a direct appeal, he will thereby be foreclosed from filing a timely petition for relief under the Post Conviction Relief Act ("PCRA").[3] *Id.* at 8-9.

Initially, we must address the untimeliness of Grabowski's Petition for Reconsideration, and discuss his Motion for Reconsideration *Nunc Pro Tunc*. Pursuant to Pennsylvania Rule of Criminal Procedure 720, written post-sentence motions must be filed within ten days after imposition of sentence. Pa.R.Crim.P. 720(A)(1); **Commonwealth v. Patterson**, 940 A.2d 493,

---

[2] **See Commonwealth v. Jette**, 23 A.3d 1032, 1035 (Pa. 2011) (stating that "there is no right to hybrid representation either at trial or on appeal."); **see also** Pa.R.A.P. 3304 (providing that "[w]here a litigant is represented by an attorney before the Court and the litigant submits for filing a petition…, it shall not be docketed but forwarded to counsel of record.").

[3] **See** 42 Pa.C.S.A. §§ 9541-9546.

497-98 (Pa. Super. 2007). Here, Grabowski was re-sentenced on January 9, 2014. He did not file his *pro se* Petition for Reconsideration until January 23, 2014 (dated January 22, 2014). Accordingly, Grabowski's Petition for Reconsideration was untimely under Rule 720(A)(1). Therefore, Grabowski had thirty days from the imposition of sentence to file his notice of appeal, pursuant to Pa.R.Crim.P. 720(A)(3). **See Commonwealth v. Capaldi**, 2015 PA Super 51, *3 (Pa. Super. 2015) (stating that "[a]n **untimely** post-sentence motion does not toll the appeal period." (emphasis in original)). Grabowski did not file an appeal within thirty days of the imposition of sentence. Thus, his judgment of sentence became final on February 8, 2014.

On November 20, 2014, Grabowski filed his Motion for Reconsideration *Nunc Pro Tunc*, requesting reinstatement of his rights to file post-sentence motions or a direct appeal. Notably to the instant appeal, Grabowski asserted in this Motion that Attorney Clelland had abandoned him after sentencing. **See** Motion for Reconsideration *Nunc Pro Tunc*, 11/20/14, at ¶ 3 (arguing that "at the January 9, 2014[] [re-sentencing] hearing, [Attorney Clelland] informed [Grabowski] … that his representation would conclude after the re-sentencing hearing."); **see also id.** at ¶ 5 (asserting that although a copy of Grabowski's original *pro se* Petition for Reconsideration was sent to Attorney Clelland, counsel "did not act on the [Petition] []or correspond with [Grabowski] about the request[.]").

- 3 -

Grabowski filed his Motion for Reconsideration *Nunc Pro Tunc* approximately nine months after his judgment of sentence became final. It is well established that "all motions filed **after** a judgment of sentence is final are to be construed as PCRA petitions." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (emphasis added). Accordingly, Grabowski's Motion for Reconsideration *Nunc Pro Tunc* was in the nature of a timely, first petition filed under the PCRA, as it raised an issue cognizable under the PCRA,[4] and was filed within one year after Grabowski's judgment of sentence became final. **See Commonwealth v. Holmes**, 79 A.3d 562, 583 (Pa. 2013) (stating that "claims of ineffective assistance of [] counsel are cognizable under the PCRA, 42 Pa.C.S.[A.] § 9543(a)(2)(ii), and such claims routinely form the bulk of the claims raised on initial PCRA review[.]").

Further, Pennsylvania Rule of Criminal Procedure 904(C) provides, in pertinent part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added); **see also Commonwealth v. Henkel**, 90 A.3d 16, 22-23 (Pa. Super. 2014) (*en banc*) (applying Rule 904(C) and collecting cases);

---

[4] Grabowski's claims in his Motion that Attorney Clelland had abandoned him after re-sentencing and did not correspond with Grabowski concerning his request to file post-sentence motions essentially allege that Attorney Clelland rendered ineffective assistance.

- 4 -

***Commonwealth v. Padden***, 783 A.2d 299, 308 (Pa. Super. 2001) (stating that "[i]t is abundantly clear that a first-time *pro se* PCRA petitioner is entitled to the benefit of the assistance of counsel to help identify and properly present potentially meritorious issues for the trial court's consideration.").

As an indigent first-time PCRA petitioner, Grabowski is entitled to the appointment of counsel to represent him throughout the post-conviction collateral proceedings. **See** Pa.R.Crim.P. 904(C), (F)(2). Accordingly, we must vacate the trial court's November 25, 2014 Order and remand for the appointment of PCRA counsel, or a ***Grazier***[5] hearing if Grabowski wishes to proceed *pro se*.[6]

Order vacated; case remanded for the appointment of PCRA counsel and/or further proceedings in accordance with this Memorandum; jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015

---

[5] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[6] On remand, Grabowski and/or his PCRA counsel may raise any claim cognizable under the PCRA before the PCRA court.

COMMONWEALTH OF PENNSYLVANIA     :    IN THE COURT OF COMMON PLEAS
                                          :    OF ERIE COUNTY, PENNSYLVANIA
                                          :
               v.                        :    CRIMINAL DIVISION
                                          :
MARK GRABOWSKI                      :    NO. 81 of 2011
                                          :

## OPINION

Appellant, Mark Grabowski, filed an untimely Notice of Appeal *pro se* on December 18, 2014, purportedly from the Order of November 25, 2014 denying Appellant's *pro se* Notice of Appeal/Motion for Reconsideration Nunc Pro Tunc. For the reasons set forth below, the appeal is without merit and must be dismissed.

## RELEVANT BACKGROUND

After a jury trial on September 14 and 15, 2011, Appellant was found guilty of Robbery, Recklessly Endangering Another Person and Simple Assault. Appellant was sentenced on November 7, 2011 to the mandatory five (5) to ten (10) years of incarceration for Robbery, with twelve (12) days credit for time served, one (1) year of probation for Recklessly Endangering Another Person ("REAP") and one (1) year of probation for Simple Assault. The probationary sentences were consecutive to Count I.

Appellant filed a timely Notice of Appeal in November, 2012, and was represented on appeal by appointed counsel, Keith H. Clelland, Esq. One of the questions presented for appellate review was whether the evidence was sufficient to sustain a conviction for REAP.

1

On November 15, 2013, the Superior Court vacated the sentence for REAP, having determined the Commonwealth failed to introduce sufficient evidence to sustain the conviction for REAP. The Superior Court affirmed the judgments of sentence for Robbery and Simple Assault. The Superior Court remanded the case for resentencing as to Robbery and Simple Assault, as the Superior Court concluded its disposition reduced the aggregate term of Appellant's sentence, and thus, upset the overall sentencing scheme.[1]

Appellant was re-sentenced on January 9, 2014 to five (5) to ten (10) years of incarceration for Robbery, and one (1) year of probation for Simple Assault. The probationary sentence for Simple Assault was *concurrent* to the sentence imposed for Robbery.[2] Appellant was represented by counsel at the re-sentencing hearing.

Appellant was read his rights at re-sentencing, and indicated his understanding of the time-frame for filing post-sentence motions and an appeal. *See Defendant's Acknowledgment of Post-Sentencing and Appellate Rights, Certified Record, at 38; Transcript of Proceedings, January 9, 2014 ("Resentencing Tr."), pp. 2-3.*

On January 23, 2014, while still represented by counsel, Appellant filed a *pro se* post-sentence motion: a "Petition for Reconsideration of Sentence and Request for Modification of Sentence". Appellant did not serve upon the Court the Petition for Reconsideration. The Erie County Clerk of Courts forwarded Appellant's *pro se* Petition to Appellant's counsel, Keith Clelland, Esq. *Certified Record, at 41.* The Petition for Reconsideration was untimely, because it was filed more than ten (10) days after imposition of sentence. *Pa.R.Crim.P. 720(A)(1).*

---

[1] *See Commonwealth v. Grabowski,* 91 A.3d 1287 (Pa.Super. 2013)(unpublished memorandum).

[2] In this regard, the probationary sentence imposed on January 9, 2014 for Simple Assault was more lenient than the original probationary sentence imposed on November 7, 2011 for Simple Assault. The probationary sentence imposed on November 7, 2011 for Simple Assault (as well as the probationary sentence imposed for REAP) was to run *consecutive* to Count I, Robbery.

2

By letter dated February 6, 2014, and filed with the Clerk of Courts on February 14, 2014, Appellant requested Clelland to file a Motion to formally withdraw his representation of Appellant. On February 20, 2014, Clelland filed a Petition to Withdraw Representation. On February 27, 2014, the Court granted Clelland's request.

On October 7, 2014, Appellant wrote to the Court, advising Appellant had not received a response to Appellant's Petition for Reconsideration of Sentence and Request for Modification of Sentence. Appellant requested a ruling on the Petition.

On October 16, 2014, the Court wrote to Appellant, as follows:

> This is in response to your correspondence dated October 7, 2014.
>
> You were resentenced at the above docket number on January 9, 2014. A timely post-sentence motion was not filed in this matter.
>
> The Clerk of Courts forwarded your *pro se* filing of January 23, 2014 to your attorney, Keith Clelland, Esquire. Even your *pro se* filing was not timely filed. The Court cannot accept hybrid filings. *See Commonwealth v. Jette,* 23 A.3d. 1032, 1044 (Pa. 2011).
>
> As of this time there is no formal pleading before the Court.

*Trial Court letter to Appellant of October 16, 2014, Certified Record at 46.*

On November 20, 2014, Appellant filed a Notice of Appeal/Motion for Reconsideration Nunc Pro Tunc. Appellant requested leave to file post-sentence motions, or alternatively, a direct appeal, *nunc pro tunc.*

On November 25, 2014, the Court denied the Motion for Reconsideration.

On December 18, 2014, Appellant filed a Notice of Appeal from the Order of November 25, 2014. On December 19, 2014, the Court directed Appellant to file a 1925(b) Statement of Matters Complained of on Appeal. Appellant filed a Statement of Matters Complained of On Appeal Pursuant to Pa.R.A.P. 1925(b) on December 19, 2014.

3

## DISCUSSION

In the 1925(b) Statement, Appellant raises the following issue for appellate review:

Did the trial court abuse its discretion denying the Appellant the afforded right to file post-sentence motions, thus precluding Appellant's right to direct appeal?

*Appellant's 1925(b) Statement.*

Paraphrased, Appellant asserts the trial court erred in not addressing the untimely *pro se* post-sentence motion submitted while Appellant was represented by counsel, which post-sentence motion was never before the Court.

The trial court did not abuse its discretion in denying, by its Order of November 25, 2014, the Appellant's *pro se* Notice of Appeal/Motion for Reconsideration Nunc Pro Tunc filed on November 20, 2014.

Appellant was re-sentenced on January 9, 2014. Appellant understood the time-frame for filing post-sentence motions and a direct appeal. Appellant was represented by counsel at the re-sentencing. Appellant continued to be represented by counsel until February 27, 2014, when the Court granted Clelland's Petition to Withdraw. No timely post-sentence motion was filed by Clelland, or Appellant himself. As of November 20, 2014, when Appellant filed a Notice of Appeal/Motion for Reconsideration Nunc Pro Tunc, *there was nothing for the Court to reconsider.* As of then, the only matters that had transpired since re-sentencing on January 9, 2014, were: 1) the submission of Appellant's untimely *pro se* "Petition for Reconsideration of Sentence and Request for Modification of Sentence" on January 23, 2014, while Appellant was represented by counsel; 2) the forwarding of Appellant's untimely *pro se* "Petition for Reconsideration of Sentence and Request for Modification of Sentence" to Appellant's counsel on January 23, 2014, by the Clerk of Courts; 3) the withdrawal of Clelland as Appellant's

4

counsel in February, 2014 upon Appellant's request; 4) Appellant's letter to the Court of October 7, 2014; and 5) the Court's letter to Appellant of October 16, 2014. On November 25, 2014, the Court properly denied the Motion for Reconsideration.

Moreover, the appeal is untimely. This is essentially an appeal from a judgment of sentence. As no timely post-sentence motion was filed, the appeal is untimely and meritless. *See, Pa.R.Crim.P. 720.*

## CONCLUSION

For the above reasons, the appeal must be dismissed as untimely and wholly lacking in merit. The Clerk of Courts is hereby directed to transmit the record to the Superior Court.

**BY THE COURT:**

2/5/2015
Date

**Daniel J. Brabender, Jr., Judge**

cc:     District Attorney's Office
        Mark Grabowski, KG-3111, P.O. Box 1000, Houtzdale, PA 16698-1000

5