J-S12026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANK PICCOLO, | |
| Appellant | No. 1060 EDA 2014 |

Appeal from the Judgment of Sentence November 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002621-2013, CP-51-CR-0002622-2013, CP-51-CR-0002645-2013

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:          **FILED JUNE 04, 2015**

Because I believe our rules of appellate procedure require quashal of this appeal, I respectfully dissent.

After reviewing Appellant's pre-sentence investigation report and mental health evaluation, the trial court sentenced Appellant on November 15, 2013, to incarceration for an aggregate term of one to two years, followed by six and one-half years of probation.  Appellant did not immediately advise his attorney that he wanted to file a post-sentence motion.  Rather, Appellant allegedly sent a letter dated November 18, 2013, requesting counsel to file a post-sentence motion.  Counsel claims he did not

_____

[*]  Former Justice specially assigned to the Superior Court.

receive the letter until November 27, 2013, due to a problem with the mail. Upon receipt of the letter, counsel filed a post-sentence motion the same day, requesting the trial court to accept the filing *nunc pro tunc*. Post Sentence Motion, 11/27/13, at ¶ 6. Almost three months later, the trial court accepted the post-sentence motion *nunc pro tunc*, but denied it. Order, 3/31/14.

"Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted). "A direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. Preacher**, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003). Sitting *en banc*, this Court has interpreted the language "imposition of sentence" as the date the trial court pronounced the sentence in open court. **Green**, 862 A.2d at 618–619. "The time for filing an appeal can be extended beyond [thirty] days after the imposition of sentence only if the defendant files a timely post-sentence motion." **Id.** at 618; Pa.R.A.P. 720(A)(2). Pursuant to Pa.R.Crim.P. 720(A)(1), a post-sentence motion must be filed no later than ten days after the imposition of sentence. An untimely post-sentence motion does not toll the thirty-day appeal period. **Green**, 862 A.2d at 618.

In the case at hand, Appellant's sentence was imposed on November 15, 2013; he had until November 25, 2013, to file a timely post-sentence motion. Pa.R.Crim.P. 720(A)(1). However, Appellant filed his

post-sentence motion on November 27, 2013, twelve days after entry of the judgment of sentence.  As Appellant filed an untimely post sentence motion, the appeal period could be tolled "only if the trial court accepted it under its limited authority to allow the filing of a post-sentence motion *nunc pro tunc*." **Commonwealth v. Capaldi**, ___ A.3d ___, 2015 PA Super 51 (Pa. Super. 2015) (filed March 17, 2015).

"[A] post-sentence motion *nunc pro tunc* may toll the appeal period, **but only if** two conditions are met." **Capaldi**, ___ A.3d at ___, 2015 PA Super 51 at *3 (citing **Commonwealth v. Dreves**, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*)) (emphasis supplied).

> First, within 30 days of imposition of sentence, a defendant must request the trial court to consider the post-sentence motion *nunc pro tunc*.  The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion.  Second, the trial court **must expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence.  If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended.  Moreover, the trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

**Id.** at 3–4 (quoting **Dreves**, 839 A.2d at 1128–1129, n.6) (internal quotation marks and citations omitted) (emphasis supplied).

Applying the above standard, I submit that Appellant's untimely post-sentence motion did not toll the appeal period.  Pa.R.Crim.P. 720(A)(2) does not operate to toll the appeal period because Appellant failed to file a timely post-sentence motion.  **Capaldi**, slip op. at 4 (citing **Green**, 862 A.2d at

618). Additionally, *Dreves* does not apply because Appellant did not satisfy both of the prerequisites for *nunc pro tunc* relief. Regarding the first prerequisite, Appellant did include in his untimely post-sentence motion a request that the trial court receive it as filed *nunc pro tunc* because the untimeliness was "due to issues with the mail." Post Sentence Motion, 11/27/13, at ¶ 6. Giving Appellant the benefit of the doubt that this qualified as a request for *nunc pro tunc* relief with reasons to warrant it, the second prerequisite remains unfulfilled. The trial court **did not expressly grant** permission to file the post-sentence motion *nunc pro tunc* inside the original thirty-day appeal period. Even the Majority acknowledges that "the trial court **purported** to expressly grant Appellant's request to consider his post-sentence motion *nunc pro tunc*." Majority at 6 (emphasis supplied). The trial court's action of accepting Appellant's untimely post-sentence motion as filed *nunc pro tunc* and denying it on the merits "is not a proper substitute for an order expressly granting the right to file a post-sentence motion *nunc pro tunc*." *Capaldi*, slip op. at 5 (citation omitted).

Because Appellant's post-sentence motion *nunc pro tunc* did not toll the appeal period, he was required to file his appeal within thirty days of imposition of sentence. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). Appellant was sentenced on November 15, 2013. He filed his appeal on April 4, 2014—140 days later. Thus, this appeal is untimely. Moreover, unlike the Majority, I discern no extraordinary circumstances—a breakdown in the

court's operations, for example—that would excuse Appellant's late filings. Indeed, the record indicates that Appellant was properly advised of the time for filing post-sentence motions and an appeal at sentencing. N.T., 11/15/13, at 18.

I acknowledge that, after implicitly granting Appellant's motion for *nunc pro tunc* relief, the trial court misinformed Appellant that he had thirty days to appeal from its order denying his post-sentence motion. However, the trial court's mistake occurred after the appeal period had already expired, a fact the Majority acknowledges. Majority at 4.[1] Hence, as of the date of any breakdown in the court system, Appellant was already out of time.

In addition, because the trial court's initial failure to act and subsequent misinformation arose beyond the appeal period, any breakdown in the judicial system was of no consequence.[2] *Capaldi* illustrates this

_____

[1] Indeed, the Majority opines, "Cautious counsel should have filed an appeal within thirty days." Majority at 4.

[2] The Majority cites to numerous cases in support of its position that a breakdown in the judicial system occurred herein. However, I note that the post-sentence motions filed in *Braykovich* and *Perry* were timely. Similarly, none of the defendants in *Patterson*, *Bogden*, *Hurst*, and *Katz* filed a motion within thirty days of sentencing requesting the trial court to consider the untimely post-sentence motion *nunc pro tunc*. Additionally, in *Coolbaugh*, the trial court erred in advising the defendant of his post-sentence rights after it imposed sentence, not after the appeal period had expired. Given such relevant procedural dissimilarities, the Majority's reliance on these cases appears untenable.

point.[3] Therein, we distinguished **Commonwealth v. Patterson**, 940 A.2d 493 (Pa. Super. 2007), in which "we held a breakdown in the court's operations occurred where [the trial court] denied the defendant's untimely post-sentence motion within the appeal period, but failed to apprise him he still had fifteen days to file an appeal." **Capaldi**, ___ A.3d at ___, 2015 PA Super 51 at *6 n.3 (citing **Patterson**, 940 A.2d at 499–500). Contrarily, the **Capaldi** Court indicated that no breakdown in the court's operations existed where "the trial court denied Appellant's untimely post-sentence motion . . . after the appeal period expired." **Id.** The case *sub judice* warrants the same conclusion.

Because Appellant's post-sentence motion and appeal were untimely, I conclude we lack jurisdiction to hear this appeal. **Burks**, 102 A.3d at 500. Lacking jurisdiction, quashal is appropriate. **Accord Capaldi**, ___ A.3d at

---

[3] The instant trial court's purported grant of *nunc pro tunc* relief strikes me as implicit a grant of relief as the trial court in **Capaldi** scheduling a hearing on the defendant's untimely "Post-Sentence Motion for *Nunc Pro Tunc* Relief," neither of which was a proper substitute for an order expressly granting the right to file a post-sentence motion *nunc pro tunc* pursuant to the second prong of **Dreves**. Furthermore, the fact that the defendant in **Capaldi** was not precluded from seeking reinstatement of his direct appeal rights *nunc pro tunc* through the PCRA should not determine whether this Court has jurisdiction to entertain an untimely appeal. **Accord Commonwealth v. Brown**, 943 A.2d 264 (Pa. 2008) (quashing appeal as untimely based on underlying PCRA petition being filed outside one-year time bar). In the case at hand, no breakdown in the court's operations existed where "the trial court denied Appellant's untimely post-sentence motion . . . after the appeal period expired." **Capaldi**, 2015 PA Super 51 at *6 n.3

___, 2015 PA Super 51 at *6 (quashing untimely appeal for lack of jurisdiction). Therefore, I would quash.