J. S31037/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                            :          PENNSYLVANIA

                v.                  :
                                            :

TESS TRIPLIN,                    :          No. 1796 WDA 2016
                                            :

            Appellant        :


Appeal from the Judgment of Sentence, September 26, 2016,
in the Court of Common Pleas of Cambria County
Criminal Division at Nos. CP-11-CR-0001677-2014,
CP-11-CR-0001989-2015


BEFORE:  PANELLA, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:       **FILED JUNE 19, 2017**

Tess Triplin appeals[1] from the September 26, 2016 aggregate judgment of sentence of 12 to 24 months' imprisonment, followed by 60 months' probation, imposed after she pled guilty to retail theft and possession with intent to manufacture or deliver a controlled substance.[2] For the following reasons, we quash this appeal.

Appellant's sole issue on appeal challenges the discretionary aspects of her sentence.  Challenges to the discretionary aspects of sentencing do not

---

[1] Appellant purports to appeal from the October 24, 2016 order denying her post-sentence motion to modify sentence ***nunc pro tunc***; however, in a criminal context, an appeal properly lies from the judgment of sentence, not an order denying post-sentence motions. ***See Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa.Super. 2003) (***en banc***).

[2] 18 Pa.C.S.A. § 3929 and 35 P.S. § 780-113(a)(30), respectively.

entitle a petitioner to review as of right. **See Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, although appellant included a Pa.R.A.P. 2119(f) statement in her brief, the record reflects that she failed to file a timely post-sentence motion or timely notice of appeal. The trial court sentenced appellant on September 26, 2016. At the sentencing hearing, the trial court properly informed appellant that post-sentence motions must be filed within 10 days, pursuant to Pa.R.Crim.P. 720. (Notes of testimony, 9/26/16 at 7-8.) Appellant did not raise her sentencing issue at the sentencing hearing and filed an untimely post-sentence motion **nunc pro tunc** on October 20, 2016, 14 days past the 10-day deadline. The record reflects that the trial court did not expressly grant appellant permission to file a post-sentence motion **nunc pro tunc**. On October 24, 2016, the trial court denied appellant's

post-sentence motion. Thereafter, appellant filed her notice of appeal on November 15, 2016.

Generally, "[a]n untimely post-sentence motion does not toll the appeal period." *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa.Super. 2015) (citation omitted).

> [A] post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. . . . Second, the trial court must expressly permit the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence. . . . Moreover, [t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

*Id.* (citations and internal quotation marks omitted; some brackets in original).

Applying the above standard, we conclude appellant's post-sentence motion did not toll the appeal period, and the second prerequisite for *nunc pro tunc* relief, express permission by the trial court, was not satisfied. Accordingly, appellant's appeal was untimely and we lack jurisdiction over this appeal.

Appeal quashed.

J. S31037/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/19/2017