COMMONWEALTH of Pennsylvania,
Appellee

v.

David Joseph CAPALDI, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 5, 2015.

Filed March 17, 2015.

Ryan D. Gleason, Public Defender, Ebensburg, for appellant.

Scott M. Lilly, Assistant District Attorney, Ebensburg, for Commonwealth, appellee.

1. 35 P.S. § 780–113(a)(30).

2. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see also Com-*

BEFORE: DONOHUE, SHOGAN, and STABILE, JJ.

OPINION BY STABILE, J.:

Appellant, David Joseph Capaldi, appeals from the judgment of sentence entered following his guilty plea to possession with intent to deliver a controlled substance (PWID),[1] specifically, heroin. Counsel for Appellant has filed an *Anders*[2] brief and petitioned to withdraw as counsel, alleging this appeal is wholly frivolous. Upon review, we find we lack jurisdiction over this untimely appeal. Therefore, we quash this appeal and dismiss as moot counsel's petition to withdraw.

On May 19, 2014, Appellant was sentenced in four cases in which he had entered open guilty pleas. In the judgment appealed here, Appellant received a sentence of 9–23 months in jail for PWID. The trial court did not award Appellant credit for time served in pretrial detention in this case, later reasoning that Appellant had received credit for the same time served on a concurrently imposed sentence in another of his four cases. Following imposition of sentence, the trial court asked Appellant whether he had any questions about his post-sentence rights, and Appellant responded in the negative. *See* N.T. Sentencing, 5/19/14, at 7. Appellant received and signed a written notice informing him of those rights.

On June 5, 2014—after the deadline to file post-sentence motions—Appellant filed a "Post–Sentence Motion for Relief *Nunc Pro Tunc*." In the motion, counsel stated he conferred with Appellant after the deadline, but included no other reason for the late filing. Appellant contended the trial court should have awarded him credit

*monwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009) (refining Pennsylvania's technical requirements for *Anders* briefs).

for time served in pretrial detention in this case. On June 9, 2014, the trial court filed an order setting a hearing on the motion. Following a June 26, 2014 hearing, the trial court denied relief. Appellant filed his notice of appeal on July 18, 2014.

■ Before we address counsel's *Anders* brief and his request to withdraw, we must consider whether this appeal is timely. We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*. *Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa.Super.2014).

In cases where no post-sentence motions (or Commonwealth's motions to modify sentence) are filed, a defendant must file an appeal within 30 days of imposition of sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). If a defendant files a **timely** post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Except in circumstances not applicable here, a defendant must file a post-sentence motion within ten days of imposition of sentence. Pa. R.Crim.P. 720(A)(1).

■ An **untimely** post-sentence motion does not toll the appeal period. *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa.Super.2004) (*en banc*) ("[T]he time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion.").

■ In this case, Appellant filed his post-sentence motion on June 5, 2014, or 17 days after imposition of sentence. Therefore, the untimely post-sentence motion can toll the appeal period only if the trial court accepted it under its limited authority to allow the filing of a post-sentence motion *nunc pro tunc*.

■ Under *Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa.Super.2003) (*en banc*), a post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. "The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion." *Id.* at 1128–29. Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence. *Id.* at 1128 & n. 6. "If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended." *Id.* at 1128. Moreover, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." *Id.* at 1129.

Applying the above standard, we conclude Appellant's post-sentence motion *nunc pro tunc* did not toll the appeal period. Rule 720(A)(2) does not apply, because Appellant failed to file a timely post-sentence motion. *Green*, 862 A.2d at 618.

Additionally, *Dreves* does not apply, because Appellant satisfies neither prerequisite for *nunc pro tunc* relief. Regarding *Dreves'* first prerequisite, Appellant's post-sentence motion included no explanation for the late filing. Appellant did not request the trial court to consider the motion *nunc pro tunc*, but rather merely included the words *"nunc pro tunc"* in the motion's title. "Merely designating a motion as 'post-sentence motion *nunc pro tunc'* is not enough." *Dreves*, 839 A.2d at 1128. Rather, the moving defendant must ask for *nunc pro tunc* relief and provide reasons to warrant it. Appellant did neither of these things here.

Regarding the second prerequisite, the trial court did not "expressly grant" *nunc pro tunc* relief. No order exists, and we cannot construe the June 6, 2014 order scheduling a hearing as an "express grant" of *nunc pro tunc* relief. Although there is a dearth of on-point cases concerning the meaning of "expressly grant," we find persuasive cases construing the term under Pa.R.A.P. 1701(b)(3) (allowing a trial court to "expressly grant reconsideration" after the filing of an appeal). "With respect to the necessity of a timely order expressly granting reconsideration, the establishment of a briefing schedule, hearing date, or issuance of a rule to show cause does not suffice." *Witherspoon v. Wal–Mart Stores, Inc.,* 814 A.2d 1222, 1225 (Pa.Super.2002) (internal quotation and quotation marks omitted).

The trial court may have impliedly granted Appellant's (unstated) request for *nunc pro tunc* relief. *Dreves,* however, requires an express grant. In addition, the trial court's reason for reaching the merits of the motion expressed in its Pa.R.A.P. 1925(a) opinion filed September 12, 2014, is not a proper substitute for an order expressly granting the right to file a post-sentence motion *nunc pro tunc. See Commonwealth v. Wright,* 846 A.2d 730, 734 (Pa.Super.2004) (holding trial court erred in addressing defendant's post-sentence motion *nunc pro tunc* where defendant did not request reinstatement of, and trial court did not expressly grant, defendant's ability to file a post-sentence motion *nunc pro tunc* ).

 Because Appellant's post-sentence motion *nunc pro tunc* did not toll the appeal period, he needed to file his appeal within 30 days of imposition of sentence. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(c)(3). Appellant was sentenced on May 19, 2014. He filed his appeal on July 18, 2014—60 days later. The appeal is therefore untimely. Moreover, no extraordinary circumstances, for example, a breakdown in the court's operations, exist that might excuse Appellant's late filing.[3] *See Burks,* 102 A.3d at 500 (noting only extraordinary circumstances permit extension of time to file an appeal). Indeed, the record shows that Appellant was properly and thoroughly advised of the time for filing post-sentence motions and an appeal. Therefore, we must quash this appeal for lack of jurisdiction.

Having concluded we lack jurisdiction, we cannot review counsel's petition to withdraw, the *Anders* brief, or the record to determine whether we agree with counsel's assessment that the appeal is frivolous. We express no opinion whether the trial court's failure to award credit for time served in pretrial detention in this case is a wholly frivolous issue.[4] The appeal is quashed for lack of jurisdiction.

Appeal quashed. Petition to withdraw as counsel dismissed as moot.

---

3. This case is not akin to *Commonwealth v. Patterson,* 940 A.2d 493 (Pa.Super.2007). In *Patterson,* we held a breakdown in the court's operation occurred where it denied the defendant's untimely post-sentence motion within the appeal period, but failed to apprise him he still had fifteen days to file an appeal. *Id.* at 499–500. Here, the trial court denied Appellant's untimely post-sentence motion on June 26, 2014—after the appeal period expired.

4. Appellant's sole issue implicates the legality of his sentence. We may address sentencing legality claims, which are non-waivable, *sua sponte,* but we must first have jurisdiction. *See, e.g., Commonwealth v. Munday,* 78 A.3d 661, 664 (Pa.Super.2013) (noting a challenge to the legality of a sentence may be entertained "so long as the reviewing court has jurisdiction").