J-A14045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE GARCIA-QUINTERO, | : | |
| | : | |
| Appellant | : | No. 1080 MDA 2014 |

Appeal from the Judgment of Sentence Entered October 28, 2013,
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0001712-2012

BEFORE:  BENDER, P.J.E., JENKINS and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JUNE 24, 2015**

Jose Garcia-Quintero (Appellant) appeals from a judgment of sentence imposed after a jury convicted him of persons not to possess firearms and firearms not to be carried without a license.[1]  We quash this appeal.

Given the manner in which we dispose of this appeal, we need to provide only a brief summary of the background underlying the matter.  On the evening of December 24, 2011, Appellant was a passenger in a vehicle driven by Jesus Beltran-Leon.  An officer initiated a traffic stop of the vehicle because it was traveling without its headlights on.  The stop resulted in both parties being arrested.

A jury trial was held from September 11-13, 2013[,] and the jury found [] Appellant guilty of Count I, persons not to

---

[1] The jury deadlocked on the charge of possession of cocaine.  In addition, the trial court convicted Appellant of the summary offense of restrictions on alcoholic beverages.

* Retired Senior Judge assigned to the Superior Court.

possess firearms, under 18 Pa.C.S.A. § 6105(a)(1), and Count II, firearms not to be carried without a license, under 18 Pa.C.S.A. § 6106(a)(1). [On October 28, 2013, the trial court] sentenced Appellant to four to eight years of incarceration on Count I, and three to six years of incarceration on Count II, to run concurrently.

[]Appellant filed a post-sentence motion on December 13, 2013 and raised three issues: insufficient evidence, verdict against the weight of the evidence, and a pretrial suppression issue. … The court denied [Appellant's] post-sentence motion on May 22, 2014. [Appellant filed a notice of appeal on June 23, 2014. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant filed a 1925(b) statement, and the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).]

Trial Court Opinion, 8/22/2014, at 1-3 (citations and unnecessary capitalization omitted).

In his brief to this Court, Appellant asks us to consider three questions. Before we can reach the merits of those issues, we must address whether this Court has jurisdiction to entertain this appeal.

In cases where no post-sentence motions (or Commonwealth's motions to modify sentence) are filed, a defendant must file an appeal within 30 days of imposition of sentence in open court. If a defendant files a **timely** post-sentence motion, the appeal period does not begin to run until the motion is decided. Except in circumstances not applicable here, a defendant must file a post-sentence motion within ten days of imposition of sentence.

An **untimely** post-sentence motion does not toll the appeal period.

***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citations omitted) (emphasis in original).

Here, Appellant was sentenced on October 28, 2013, and he did not file his post-sentence motion until December 13, 2013. Moreover, Appellant did not file his notice of appeal until June 23, 2014. Thus, the appeal is untimely filed on its face. For this reason, this Court issued an order directing Appellant to show cause as to why the Court should not quash the appeal as untimely filed.

In response to that order, Appellant claimed that the trial court "directed that Appellant be given 45 days from the date of transcription of the record to file a post-sentence motion or an appeal to the Superior Court." Motion to Show Cause Why Appeal Should Not Be Quashed As Untimely, 10/10/2014, at ¶3. According to Appellant, "[a]s per the [c]ourt's instructions, Appellant filed a timely Post-Sentence Motion within forty-five days of transcription of the record on December 13, 2013." *Id.* at ¶4. Appellant further contended that, because he ultimately filed his notice of appeal within 30 days of the trial court's order disposing of his post-sentence motion, he timely filed his notice of appeal. We disagree.

Appellant was tried and sentenced jointly with Beltran-Leon. After the court sentenced Beltran-Leon, Beltran-Leon's counsel informed the court that counsel had filed a motion to withdraw, that Beltran-Leon had filed for a public defender, and that new counsel had not been appointed. The court responded:

> Very well. We'll direct, again, the transcription of the record, expand the time within which to file post-sentence motions for

- 3 -

45 days as well as time within which to file a[n] appeal. That can be expanded if the transcript has not been provided to the public defender for good cause shown.

N.T., 10/28/2013, at 10.

After the court sentenced Appellant, the court stated, "We will direct the transcription of the record as we have done already through [Beltran-Leon's counsel] and you'll have 45 days within which to file a post-trial motion or an appeal…." *Id.* at 11. Thus, the court informed the parties that they had 45 days to file a post-sentence motion or an appeal; the court did not tie the 45 days to the date the record was transcribed. The court did allow for the expansion of that time "if the transcript has not been provided to the public defender for good cause shown." N.T., 10/28/2013, at 10. However, Appellant does not contend that he or Beltran-Leon sought to expand the time frame for filing post-sentence motions or appeals due to the transcript not being provided to either party.

It is clear that the trial court misinformed the parties regarding the time within which Appellant and Leon-Beltran had to file post-sentence motions and appeals. That misinformation constituted a breakdown in the court's processes. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) ("The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him."). The breakdown relieved Appellant

from filing his post-sentence motion within 10 days of the judgment of sentence and from filing a notice of appeal within 30 days of the judgment of sentence.

However, the breakdown did not relieve Appellant from following the timeline set by the trial court. The court required Appellant to file his post-sentence motion or notice of appeal within 45 days of October 28, 2013. Appellant untimely filed his motion 46 days later on December 13, 2013, and he filed his notice of appeal June 23, 2014. Utilizing the general principles of law noted above, an untimely-filed post-sentence motion does not toll the appeal period. We, therefore, conclude that Appellant untimely filed his notice of appeal. Consequently, this Court does not have jurisdiction to entertain the appeal. For these reasons, we quash this appeal.[2]

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2015

---

[2] Beltran-Leon appealed his judgment of sentence, and this Court affirmed. **_Commonwealth v. Beltran-Leon_**, 108 A.3d 126 (Pa. Super. 2014) (unpublished memorandum). In so doing, this Court noted that Beltran-Leon untimely filed his notice of appeal. The Court refused to quash the appeal due to the same breakdown in the court's processes that occurred in this case. **_Id._** at 3-4 n.4. However, unlike Appellant, Beltran-Leon filed his notice of appeal on December 12, 2013, _i.e._, within 45 days of his judgment of sentence. Thus, Beltran-Leon complied with the trial court's timeline.