J-S47007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HENRY L. WILLIAMS, | |
| Appellant | No. 2078 MDA 2015 |

Appeal from the Judgment of Sentence October 16, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001747-2010

BEFORE:  SHOGAN, LAZARUS, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED AUGUST 01, 2016**

Appellant, Henry L. Williams, appeals from the judgment of sentence entered on October 16, 2015.  After review, we are constrained to quash the appeal.

On April 19, 2011, following a jury trial, Appellant was found guilty of corrupt organizations, criminal conspiracy, criminal use of a communication facility, and four counts of possession with intent to deliver a controlled substance.  On August 4, 2011, Appellant was sentenced to an aggregate term of eleven to twenty-two years of incarceration.  The sentence included mandatory minimum sentences based on the weight of the controlled substances pursuant to 18 Pa.C.S. § 7508.  Appellant filed a direct appeal to this Court, and we affirmed the judgment of sentence on May 8, 2013. ***Commonwealth v. Williams***, 1399 MDA 2011, 81 A.3d 993 (Pa. Super.

filed May 8, 2013), *appeal denied*, 80 A.3d 777 (Pa. filed November 19, 2013).

While Appellant's direct appeal was pending, the United States Supreme Court decided **Alleyne v. United States**, 133 S.Ct. 2151 (2013). In **Alleyne**, the Supreme Court held, "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. In applying **Alleyne**, this Court has held that, generally, Pennsylvania's mandatory minimum sentencing statutes are unconstitutional because the mandatory sentencing statutes "permit[] the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015); and **see Commonwealth v. Vargas**, 108 A.3d 858, 876-877 (Pa. Super. 2014) (*en banc*) (holding 18 Pa.C.S. § 7508 unconstitutional under **Alleyne**), *appeal denied*, 121 A.3d 496 (Pa. 2015). Additionally, this Court concluded that if a defendant's case was pending on direct appeal when **Alleyne** was decided, then that defendant was entitled to retroactive application of the holding from **Alleyne**. **Newman**, 99 A.3d at 90.

Appellant filed a timely petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. In light of **Alleyne** and the Pennsylvania cases interpreting that decision, the PCRA

court granted Appellant's PCRA petition, vacated his judgment of sentence, and directed Appellant to be resentenced. PCRA Order, 9/16/2015. On October 16, 2015, the trial court resentenced Appellant.

Following resentencing, Appellant filed a timely counseled post-sentence motion on October 26, 2015. The trial court denied the motion in an order that was filed on October 29, 2015. Appellant had until November 28, 2015, thirty days from October 29, 2015, in which to file a timely appeal. Pa.R.A.P. 903; Pa.R.Crim.P. Rule 720(A)(2)(a). However, because November 28, 2015 fell on a Saturday, Appellant had until Monday, November 30, 2015, to file his notice of appeal. 1 Pa.C.S. § 1908.

The docket reflects that Appellant filed a *pro se* notice of appeal on November 19, 2015. However, because he was represented by counsel, the notice of appeal was docketed and properly forwarded to counsel on November 25, 2015. Pa.R.Crim.P. 576(A)(4). Appellant's counsel subsequently filed a notice of appeal on December 1, 2015.

In this Commonwealth, hybrid representation is not permitted. ***Commonwealth v. Jette***, 23 A.3d 1032, 1036 (Pa. 2011). Accordingly, this Court will not accept a *pro se* filing while an appellant is represented by counsel; *pro se* filings have no legal effect and are, therefore, legal nullities. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007). When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel, Pa.R.Crim.P. 576(A)(4), but no further action is to be

taken. Moreover, a *pro se* filing **has no tolling effect**. *See* Pa.R.Crim.P. 576 cmt. ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response.").

Here, Appellant's November 19, 2015 *pro se* notice of appeal was a legal nullity, and it did not toll the appeal period. Accordingly, Appellant's December 1, 2015 notice of appeal was filed one day late. Thus, this Court is without jurisdiction, and we are constrained to quash the appeal as having been untimely filed. *See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (reiterating that this Court lacks jurisdiction to consider untimely appeals).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2016