J-S56025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL A. KONETSCO | |
| Appellant | No. 985 MDA 2015 |

Appeal from the Judgment of Sentence November 25, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-46-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, J.                **FILED AUGUST 19, 2016**

Appellant, Michael A. Konetsco, appeals *pro se* from the judgment of sentence entered on November 25, 2014. After reviewing the certified record, we conclude that we lack jurisdiction over this appeal, and therefore quash. We note, however, that Konetsco's motion for dismissal of appellate counsel alleged sufficient facts to establish a *prima facie* case that counsel abandoned him during his direct appeal period. **See Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999). As such, we direct the trial court to treat Konetsco's motion as a petition under the Post Conviction Relief Act ("PCRA").

---

[*] Former Justice specially assigned to the Superior Court.

As noted above, sentence was entered against Konetsco on November 25, 2014. His counseled post-sentence motions were denied on December 3, 2014. Counsel has not filed a document since. On April 28, 2015, Konetsco filed a motion to proceed *pro se*. Prior to the hearing on his motion, Konetsco filed this appeal. The trial court subsequently held a **Grazier**[1] hearing, at which counsel did not appear, and permitted Konetsco to proceed *pro se*.

Konetsco neither asked for or received *nunc pro tunc* relief, and thus, this appeal is untimely. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244-1245 (Pa. Super. 2015). Whether counsel abandoned Konetsco or not, we lack jurisdiction to hear an appeal from a judgment of sentence filed more than 30 days after post-sentence motions were denied. **See** Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(2)(a); **Capaldi**.

We furthermore note that under **Commonwealth v. Brown**, 943 A.2d 264 (Pa. 2008), any PCRA petition Konetsco might file seeking restoration of his direct appeal rights would likely be considered untimely. Since Konetsco's motion for dismissal of appellate counsel contained allegations that counsel abandoned him, we direct the trial court to treat that motion as a first petition under the PCRA.

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2016