J-S19021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY E. YATES, JR. | |
| Appellant | No. 1245 EDA 2014 |

Appeal from the PCRA Order entered March 20, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0007278-2007

BEFORE:  BENDER, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                       **FILED AUGUST 24, 2016**

Appellant, Gary E. Yates, Jr., appeals from the order the Court of Common Pleas of Montgomery County ("PCRA court") entered on March 20, 2014, denying his request for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9451-46.  Upon review, we quash this appeal.

The PCRA court summarized the relevant procedural background of the instant matter as follows:

On July 20, 2010, following trial, [Appellant was found] guilty of one count of [p]ossession with [i]ntent to [d]eliver a [c]ontrolled [s]ubstance (cocaine), one count of [p]ossession of a [c]ontrolled [s]ubstance (cocaine), one count of [p]ossession of a small amount of [m]arijuana, one count of [c]riminal [c]onspiracy, and one count of [p]ossession of [d]rug [p]araphernalia on [d]ocket No. CP-46-CR-0007278-07 (hereinafter 7278-2007). On November 23, 2010, [Appellant] was sentenced to [] three to six years['] imprisonment.  On December 13, 2010, [Appellant] filed a [n]otice of [a]ppeal from

the [j]udgment of sentence to the Superior Court of Pennsylvania (3353 EDA 2010). On April 4, 2012, the judgment of sentence was affirmed by the Superior Court of Pennsylvania.

PCRA Court Opinion, 7/16/14 at 1.[1]

Appellant filed a PCRA petition on April 5, 2013. On May 22, 2013, the PCRA court appointed Robert Adshead, Esq., as Appellant's counsel. After granting counsel's petition to withdraw, the PCRA court dismissed Appellant's PCRA petition on January 3, 2014. Appellant did not appeal said order.

On September 17, 2013, Appellant filed a PCRA petition at criminal docket 4677-2006. On September 27, 2013, the PCRA court appointed Joseph J. Hylan, Esq., as counsel for Appellant.[2] Subsequently, Mr. Hylan filed a request for an extension to review the September 17, 2013 PCRA petition. The PCRA court granted the request on December 13, 2013. The order granting the request for an extension of time was erroneously filed under both dockets, 4677-2006 and 7278-2007. On December 30, 2013, Mr. Hylan filed an amended petition to the April 5, 2013 PCRA petition, which involved, as noted above, a different criminal docket number, namely

---

[1] The procedural history of the instant matter (7278-2007) is riddled with multiple clerical errors, involving also another Appellant's matter, trial court docket number CP-46-CR-4677-2006 (4677-2006). For more information about the factual and procedural background of 4677-2006, **see** our decision on Appellant's direct appeal. **Commonwealth v. Yates**, **Jr.**, 1293 EDA 2010, unpublished memorandum at 1-5 (Pa. Super. filed March 21, 2012).

[2] The same order was entered on both criminal matters, 7278-2007 and 4677-2006. However, the "order was only applicable to docket 4677-2006." PCRA Court Opinion, 7/16/14, at 2.

7278-2007. On April 28, 2014, the PCRA court dismissed the September 17, 2013 petition. On May 30, 2014, Appellant appealed to this Court the order dismissing the PCRA petition. We dismissed the appeal on December 16, 2014 for failure to file a brief. **See Commonwealth v. Yates, Jr.**, 1603 EDA 2014, Per Curiam Order (Pa. Super. filed December 16, 2014).

In the meantime, on March 20, 2014, the PCRA court entered an order clarifying some clerical errors affecting previous orders of the court. The clarifications included, *inter alia*, that Mr. Hylan had been appointed as counsel for Appellant only in connection with 4677-2006 (not 7278-2007), amendments to the September 17, 2013 and September 27, 2013 orders (relating to 4677-2006) to eliminate references to 7278-2007, and a notation that Mr. Hylan erred in filing the amended PCRA petition under 7278-2007, as opposed to 4677-2007. **See** PCRA Court Order, 3/20/14, at 1-2.

The instant appeal, filed on April 8, 2014, concerns, therefore, only 7278-2007. Despite the fact Mr. Hylan was not appointed as counsel in this matter, and despite the fact Mr. Hylan should have known this as early as the PCRA court order of March 20, 2014, Mr. Hylan, on December 9, 2015, filed an **Anders** brief (sic) in the instant PCRA appeal.[3] A review of the brief

---

[3] We generally accept a brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967) in lieu of a **Turner**/**Finley** "no merit" letter or brief because an **Anders** brief provides greater protection to a defendant given its more stringent requirements.

also reveals that Mr. Hylan, in addition to missing all the red flags mentioned above, cites and addresses the factual and procedural history of 4677-2006, which, as noted, this Court dismissed on December 16, 2014. It is also apparent that the order dismissing the PCRA petition at issue here, which the PCRA court entered on January 3, 2014, was appealed on April 14, 2014.[4] The instant appeal is, therefore, untimely. **See** Pa.R.A.P. 903 (notice of appeal must be filed within **thirty days** after the entry of the order from which the appeal is taken).

It is abundantly clear Mr. Hylan has failed to review properly the matter. Had he done so, he would have discovered the problems with the instant appeal. We do not need to remand this matter for a proper **Turner/Finley** brief, however, because the instant appeal is untimely[5] and no extraordinary circumstances were adduced to conclude otherwise. Accordingly, we must quash this untimely appeal. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1245 (Pa. Super. 2015).

---

[4] Appellant did not appeal the January 3, 2014 order denying the PCRA petition at issue here; rather, he appealed the order entered March 20, 2014, clarifying the underlying January 3, 2014 order. In his *pro se* notice of appeal, Appellant stated that the underlying order was not "available" and that it had been "vacated" by the March 20, 2014 order. Nowhere did the March 20, 2014 use the word "vacate" or in fact vacate any order. **See also** PCRA Court Opinion, 7/16/14, at 5. The March 20, 2014 order amended the September 27, 2013, December 13, 2013, and January 23, 2014 orders, to the extent it contained references to criminal docket 4677-2006. **Id.**

[5] **See also** PCRA Court Opinion, 7/16/14, at 6.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2016