J. S36034/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                  v.            :
                               :
KENNETH JOHN SHAFFER, SR.,    :       No. 3446 EDA 2016
                               :
          Appellant    :

Appeal from the Judgment of Sentence, July 6, 2015,
in the Court of Common Pleas of Wayne County
Criminal Division at No. CP-64-CR-0000042-2006

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 17, 2017**

Kenneth John Shaffer, Sr., appeals from the July 6, 2015 judgment of sentence entered in the Court of Common Pleas of Wayne County following his guilty plea to rape of a child, involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault, aggravated indecent assault, indecent exposure, and corruption of minors.[1]  The trial court imposed an aggregate term of imprisonment of 16 to 45 years.  We quash.

> This Court previously set forth most of the relevant facts and procedural history of this case as follows:
>
> > On May 12, 2006, [Appellant] pled guilty to two counts each of aggravated indecent assault and corruption of a minor, and one count each of rape of a child, [IDSI], statutory sexual assault

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(a)(7), 3122.1, 3125(a)(7), 3125(a)(8), 3127(a), 6301(a)(1), respectively.

and [indecent exposure]. On September 11, 2006, the trial court sentenced [Appellant] to an aggregate sentence of 16 years and 6 months to 45 years in prison. [Appellant] filed a Motion for reconsideration of sentence, which the trial court denied. Thereafter, the Commonwealth filed a Petition to Amend Sentence, averring that there was an error in the sentencing computation, but that the total sentence imposed was appropriate. On December 14, 2012, the trial court entered an Order which clarified that [Appellant's] total sentence is 15 years and 6 months to 45 years in prison. Subsequently, on February 28, 2013, the trial court entered another Order that amended the December 14, 2012 sentencing Order to read that [Appellant's] total sentence is 16 years and 6 months to 45 years in prison.

On July [19], 2013, [Appellant], **pro se**, filed [a Post Conviction Relief Act ("PCRA")][Footnote 2] Petition. The PCRA court appointed Attorney [Lindsey] Collins as counsel. Attorney Collins filed an amended PCRA Petition on [Appellant's] behalf alleging improper sentencing on the rape of a child count. The PCRA court and the Commonwealth agreed that a sentencing error was made in relation to the rape of a child count. Accordingly, the PCRA court vacated the sentence imposed on that count only. On [March 4], 2014, following a hearing, the PCRA court resentenced [Appellant] solely on the rape of a child count to 66 months to 20 years in prison. Based on this resentencing, [Appellant's] new total aggregate sentence was 16 to 45 years in prison. [Appellant] filed a Motion for reconsideration of sentence,

which the PCRA court denied on March [12], 2014.

> [Footnote 2]   42 Pa.C.S.A.
> §§ 9541-9546.

***Commonwealth v. Shaffer***, No. 1085 EDA 2014, unpublished memorandum at 1-3 (Pa.Super. filed November 26, 2014) (footnotes omitted).

On November 26, 2014, this Court vacated Appellant's judgment of sentence in its entirety and remanded for resentencing on all counts.[Footnote 3]   The trial court resentenced Appellant on July [6], 2015, to consecutive terms of incarceration of five-and-one-half (5½) to twenty (20) years for rape of a child, five (5) to ten (10) years for IDSI, one (1) to five (5) years for statutory sexual assault, two-and-one-half (2½) to five (5) years for aggravated indecent assault (victim less than 13 years of age), and two (2) to five (5) years for aggravated indecent assault (victim less than 16 years of age).  The court also imposed concurrent terms of incarceration of three (3) months to two (2) years for indecent exposure, and six (6) months to two (2) years for each count of corruption of minors.  Thus, Appellant's aggregate sentence was sixteen (16) to forty-five (45) years' incarceration.

> [Footnote 3]   This Court explained: "[W]e cannot determine from our review of the record whether the declared invalidity of the sentence on the rape of a child count would have affected the trial court's sentencing on the remaining counts[.]" ***Id.*** at 3.

Immediately following resentencing, Attorney Collins withdrew and the court appointed new counsel "for purposes of [Appellant's] appeal only." (***See*** Order, filed July 7, 2015).  On July 15, 2015, Appellant filed a ***pro se*** post-sentence motion, which the court denied on August 3, 2015, without notice to counsel of record.   Appellant filed a counseled notice of

> appeal on September 1, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), with notice to counsel of record. Appellant filed a **pro se** Rule 1925(b) statement on October 9, 2015. The court issued its Rule 1925(a) opinion on October 23, 2015, in response to Appellant's **pro se** Rule 1925(b) statement. Counsel filed an amended Rule 1925(b) statement on November 30, 2015.

**Commonwealth v. Shaffer**, No. 2682 EDA 2015, unpublished memorandum at 1-4 (Pa.Super. filed June 3, 2016) (most brackets in original).

The record further reflects that on direct appeal to this court at No. 2682 EDA 2015, this court identified "procedural irregularities [that] implicate[d] [a]ppellant's fundamental right to counsel and constitute[d] a breakdown in the court's operation, which resulted in [a]ppellant's waiver of any discretionary aspects of sentencing claims he [raised in that] appeal." **Id.** at 7. As such, on June 3, 2016, this court remanded the case to the trial court for further proceedings with directions that:

> [w]ithin ten (10) days of the filing date of this decision, counsel shall confer with Appellant and file a post-sentence motion **nunc pro tunc** raising any appropriate sentencing claims Appellant wishes to pursue, after which Appellant can file a **nunc pro tunc** appeal in due course.[Footnote 4]
>
> > [Footnote 4] The trial court imposed Appellant's current sentence following remand from this Court, which directed the trial court to resentence Appellant on all counts. Therefore, Appellant can raise issues related to and within the

> scope of this Court's previous remand (sentencing only).

*Id.* at 7. The record reflects that this court's decision was filed on June 3, 2016 and that appellant filed his post-sentence motion ***nunc pro tunc*** on June 14, 2016. The record further reflects that on November 4, 2016, appellant filed a praecipe with the trial court that requested the prothonotary to enter an order denying appellant's post-sentence motion ***nunc pro tunc*** by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). On the same day, appellant filed a notice of appeal to this court. On November 7, 2016, the trial court ordered appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied. In response, the trial court filed a "statement of reasons."

On December 27, 2016, this court entered an order directing appellant to show cause within 10 days as to why this appeal should not be quashed as untimely filed because nothing on the trial court docket indicates that appellant filed his post-sentence motion ***nunc pro tunc*** by June 13, 2016. (Order of court, 12/27/16.) Appellant failed to respond to this court's show-cause order.

This court lacks jurisdiction to consider untimely appeals. ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa.Super. 2015). Where a defendant's direct appeal rights have been reinstated ***nunc pro tunc***, the defendant has 30 days from the reinstatement order to file a direct appeal. ***Commonwealth v. Wright***, 846 A.2d 730, 735 (Pa.Super.

2004). A post-sentence motion that is not timely filed does not toll the 30-day direct appeal period. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa.Super. 2007); ***see also*** Pa.R.Crim.P. 720(A)(3).

Here, this court restored appellant's direct appeal rights ***nunc pro tunc*** and ordered appellant to file his post-sentence motion ***nunc pro tunc*** within 10 days of June 3, 2016, after which appellant could file a ***nunc pro tunc*** appeal to this court. Appellant failed to timely file his post-sentence motion ***nunc pro tunc***. Moreover, appellant filed his notice of appeal to this court on November 4, 2016, which was well beyond the 30-day period during which he was required to file an appeal. Finally, on December 27, 2016, this court ordered appellant to show cause within 10 days as to why this appeal should not be quashed as untimely. Appellant failed to respond. We, therefore, quash this appeal.[2]

Appeal quashed.

---

[2] We also note that in his brief to this court, appellant challenged certain discretionary aspects of his sentence. Because appellant's notice of appeal was untimely and because appellant failed to properly preserve his claims in a timely post-sentence motion ***nunc pro tunc***, appellant would be unable to satisfy the four-part test necessary to invoke this court's jurisdiction to review discretionary sentencing challenges. ***See Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010) (an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying a four-part test that requires appellant to have filed a timely notice of appeal, to have properly preserved the issues at sentencing or in a post-sentence motion, to have included a Pa.R.A.P. 2119(f) statement in his brief, and to have raised a substantial question).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2017