J-A19002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| META ZHURAW, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KIERNAN CHALONER, | |
| Appellant | No. 348 EDA 2016 |

Appeal from the Order Entered December 22, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1509-V-7823

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY BENDER, P.J.E.:          **FILED SEPTEMBER 28, 2017**

Appellant, Kiernan Chaloner, appeals *pro se* from the trial court's December 22, 2015 order, which essentially reinstated a prior, final Protection From Abuse (PFA) order that was entered on September 14, 2015.  Because Appellant's notice of appeal was untimely filed, we quash his appeal.

The trial court summarized the procedural history of this case, as follows:

> On September 9, 2015, Meta Zhuraw (hereinafter, "Complainant") filed a *pro se* ... [PFA] petition pursuant to the Pennsylvania Protection From Abuse Act, 23 Pa. C.S. §[]6101, *et seq.*, seeking a PFA Order against her husband,…[Appellant]…. The next day, September 10, 2015, Complainant was granted a Temporary PFA Order for "Protection Only-No Eviction" against Appellant by the undersigned, the Honorable Joel S. Johnson.  A hearing on the petition was scheduled for September 14, 2015. At the hearing, Complainant … appeared *pro se* and Appellant appeared with counsel.  Complainant and Appellant entered into

an Agreement Without Admission which was approved as a Final Order by the undersigned. As such, no hearing was held. The Agreement was for a [three] (3) year Final PFA Order with Eviction (no contact) against Appellant, with an expiration date of September 13, 2018. The Agreement was signed by Complainant, Appellant and his counsel[,] and the court. On October 22, 2015, a Petition to Modify the [F]inal PFA Order was filed by Appellant through his counsel. On December 2, 2015, a hearing on the Petition to Modify was held before the undersigned and [the Petition] was [d]ismissed [w]ithout [p]rejudice….

Trial Court Opinion, 3/2/17, at 1-2. On December 22, 2015, the court entered an order reinstating the final PFA order that was issued on September 21, 2015. On February 1, 2016, Appellant filed a *pro se* notice of appeal from the December 22, 2015 order.

On February 22, 2016, Meta Zhuraw filed an application to quash Appellant's appeal, arguing that it was untimely filed. On March 4, 2016, this Court issued a *per curiam* order denying Zhuraw's application to quash, without prejudice to her right to reassert the issue before the merits panel. Appellee has done so in her brief (and, even had she not, this Court may *sua sponte* assess the timeliness of an appeal, as it implicates our jurisdiction, **see Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*.") (citation omitted)).

Our review of the record demonstrates that Appellant's notice of appeal was patently untimely, as it was filed 41 days after entry of the December 22, 2015 order from which he appeals. **See** Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required

by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Appellant makes no attempt to argue that we have jurisdiction to consider his claims, despite the facial untimeliness of his notice of appeal. Consequently, we quash. *See Capaldi, supra*.

Appeal quashed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *9/28/2017*