J-S42017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL BERNARD WOOLFORK | |
| Appellant | No. 1821 MDA 2016 |

Appeal from the Judgment of Sentence June 13, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001990-2016

BEFORE: OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.: **FILED NOVEMBER 13, 2017**

Michael Bernard Woolfork appeals from the June 13, 2016 judgment of sentence entered in the York County Court of Common Pleas. We quash the appeal.

The trial court set forth the following factual history:

> On June 13, 2016, [Woolfork] ple[]d guilty to counts 2 and 5 of the Information, which are Driving Under Suspension-DUI Related and Alcohol in System and Driving Under the Influence of Alcohol or Controlled Substance-3rd And/Or Subsequent Offense,[1] respectively. On count 2, [Woolfork] was sentenced to ninety days in York County Prison (hereinafter: YCP) and a $1,000.00 fine. On Count 5, [Woolfork] was sentenced to 5 years of intermediate punishment with the first six months at YCP, six months of house arrest with alcohol monitoring, and nine months of

---

[1] 75 Pa.C.S. §§ 1543(b)(1.1)(i) and 3802(d)(3), respectively.

Avertest with the first six months concurrent with the house arrest. Counts 2 and 5 were to run consecutively.

On June 23, 2016, the Supreme Court of the United States issued ***Birchfield v. North Dakota***, which, *inter alia*, forbids warrantless blood tests attending drunken driving arrests and deems consent to blood testing to be invalid when it is coerced by threats of new criminal offenses for refusing to submit to such testing. 136 S.Ct. 2160, []2163-65 [(2016)]. Based upon these holdings, on July 1, 2016, [Woolfork's] counsel submitted a Motion to Withdraw Guilty Plea *Nunc Pro Tunc*. Following some scheduling delays, at the conclusion of a Hearing on our jurisdiction to countenance the proffered motion on October 5, 2016, this Court denied [Woolfork's] motion to withdraw his guilty plea *nunc pro tunc*.

Opinion in Support of Order Pursuant to Rule 1925(a) of the Rules of Appellate Procedure, 3/10/17, at 1-2 ("1925(a) Op.") (footnote omitted).

On November 3, 2016, Woolfork filed a notice of appeal. He raises the following issue on appeal:

The trial court erred in denying [Woolfork's] request for a hearing on his Motion to Withdraw Plea Nunc Pro Tunc as the U.S. Supreme [C]ourt's holding in ***Birchfield v. North Dakota*** "demonstrates sufficient cause" for filing the motion more than 10 days after sentencing and that ***Birchfield*** constitutes an "extraordinary circumstance["] which "excuses the tardiness."

Woolfork's Br. at 4.[2]

Pennsylvania Rule of Criminal Procedure 720(A)(1) provides: "Except as provided in paragraphs (C) and (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." In addition, Rule

---

[2] In Woolfork's statement of questions involved section of his brief, he states the same issue twice.

720(A)(3) states: "If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence . . . ." We have held that "[a]n untimely post-sentence motion does not toll the [30-day] appeal period." *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa.Super. 2015); Pa.R.A.P. 903(a). We have further held that:

> a post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. . . . Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence.

*Id.* (emphasis in original). In *Capaldi*, we concluded that an order scheduling a hearing on the *nunc pro tunc* motion was not an "express grant" of *nunc pro tunc* relief. *Id.* at 1245.

Woolfork was sentenced on June 13, 2016. He did not file his motion to withdraw guilty plea *nunc pro tunc* until July 1, 2016. Further, the trial court did not grant *nunc pro tunc* relief within the 30-day appeal period. Because we are constrained to conclude that Woolfork's appeal from his judgment of sentence is untimely, we must quash the appeal.[3]

_____

[3] On October 20, 2016, Woolfork filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. His judgment of sentence became final on July 13, 2016, 30 days after imposition of sentence. *See* 42 Pa.C.S. § 9545(b)(3). Therefore, his PCRA petition, filed within one year of when his judgment of sentence became final, was timely. *See* 42 Pa.C.S. § 9545(b)(1). On December 2, 2016, the trial court denied the

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/13/2017

---

petition, reasoning it was premature because his direct appeal was pending. Order, 12/2/16. The trial court dismissed the PCRA petition without prejudice and "grant[ed] [Woolfork] leave to refile it after his direct appeal was concluded." *Id.*