J-S03038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KENNETH PHILLIP JACKSON :
:
Appellant : No. 1234 WDA 2019

Appeal from the Order Entered July 29, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001068-2002,
CP-02-CR-0002589-2002, CP-02-CR-0003968-2002

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED FEBRUARY 13, 2020**

Kenneth Phillip Jackson (Jackson) appeals the order entered on July 29,

2019, by the Court of Common Pleas of Allegheny County (trial court) denying

his petition to enforce the terms of his plea agreement. The subject order

must be affirmed because the issue has long been waived.

The following case facts are taken from our memorandum in Jackson's

PCRA appeal, which concluded in 2015:

> The charges against [Jackson] arose following the December 18,
> 2001 discovery of the remains of appellant's uncle in a garage
> behind [Jackson's] house. The cause of death was blunt force
> injury, and [Jackson] subsequently confessed to the homicide.
> [Jackson] also cashed his uncle's Social Security checks and used
> his uncle's identification papers in doing so. Charges against
> [Jackson] were brought at three separate criminal informations.
> At docket number CP–02–CR 0001068–2002, [Jackson] was

_____

[*] Retired Senior Judge assigned to the Superior Court.

charged with criminal homicide. At docket number CP–02–CR 00025892002, [Jackson] was charged with one count of abuse of a corpse, one count of access device fraud, two counts of theft by deception, 16 counts of forgery, one count of theft by unlawful taking or disposition, and five counts of identity theft. At docket number CP–02–CR 0003968–2002, [Jackson] was charged with one count of theft by deception.

During [Jackson's] jury trial, [Jackson] and the Commonwealth came to a plea agreement. [Jackson] subsequently pleaded guilty to third degree murder, one count of abuse of a corpse, two counts of theft by deception, two counts of forgery, and one count of identity theft. The Commonwealth agreed to *nolle pros* all other charges. The plea agreement also required that the sentence that would be imposed would be within the Sentencing Guidelines:

> THE COURT: There is also an agreement here, as I understand, that we would order a presentence report.
> [Defense Counsel]: Yes, Your Honor.
> THE COURT: And sentencing, any sentencing would be within the sentencing guidelines as promulgated by the sentencing commission of the Commonwealth of Pennsylvania; is that right?
> [Defense Counsel]: Yes, Your Honor.
> [Assistant District Attorney]: Yes, sir.
> THE COURT: Do you understand that, as well, sir?
> THE DEFENDANT: Yes, sir.

On July 19, 2004, the trial court imposed its sentence. As to docket number CP–02–CR 0001068–2002, pertaining to third degree murder, [Jackson] was sentenced to 20 to 40 years' imprisonment. As to docket number CP–02–CR 0002589–2002, pertaining to two counts of theft by deception, two counts of forgery, and one count of identity theft, [Jackson] was sentenced to five consecutive counts of 2 ½ to 5 years' imprisonment, which were also imposed consecutively to the murder sentence, for an aggregate term of 32 ½ to 65 years' imprisonment. No sentence was imposed as to the abuse of a corpse conviction. A post-sentence motion for reconsideration of sentence was denied on December 2, 2004.

On June 23, 2006, this court affirmed the judgment of sentence, and on January 3, 2007, our supreme court denied appeal. ***Commonwealth v. Jackson***, 905 A.2d 1044 (Pa. Super. 2006)

(unpublished memorandum), ***appeal denied***, 916 A.2d 631 (Pa. 2007).

On May 29, 2007, [Jackson] timely filed the instant PCRA petition *pro se.* Counsel was appointed and on October 24, 2008, an amended petition was filed. A hearing was held on December 1, 2011. As noted, on February 27, 2012, the PCRA court vacated [Jackson's] original judgment of sentence and re-imposed an identical sentence, except for the administrative correction. On March 7, 2012, [Jackson] filed a motion for reconsideration of sentence. On October 23, 2012, this motion was denied. [Jackson] filed his notice of appeal on November 15, 2012.

***Commonwealth v. Jackson***, 1785 WDA 2012, at 2-7 (Pa. Super. January 9, 2015) (unpublished memorandum) (footnote and some citations omitted).[1]

This Court affirmed the denial of PCRA relief. ***See id***. Notably, in that appeal, Jackson had sought to enforce his plea agreement. We held that his claim was waived because Jackson did not raise the issue earlier on direct appeal or in his PCRA petition:

In [Jackson's] first argument, he asserts that the sentence re-imposed by the PCRA court is illegal because it exceeds the sentence promised to [Jackson] by his plea bargain, which was a sentence within the Sentencing Guidelines. **[Jackson] has waived this issue. We acknowledge that challenges to an illegal sentence can never be waived. However, as the Commonwealth correctly counters, a claim that a defendant did not receive the sentence promised in a plea bargain does not implicate the legality of the sentence and may be waived by failing to raise it on direct appeal. Therefore, since [Jackson] did not raise this issue on direct appeal, it is now waived.**

---

[1] In imposing sentence in 2012, the trial court stated that it had intended "to sentence [Jackson] beyond the aggravated range of the sentencing guidelines as to each count[.]" Trial Court Order, 2/27/2012 (Docket # 47).

> Of course, [Jackson] could have insulated himself from this waiver by arguing in his PCRA petition that direct appeal counsel was ineffective in failing to challenge the discretionary aspects of his sentence on this basis on direct appeal. [Jackson's] PCRA petition did raise a claim that direct appeal counsel was ineffective in failing to challenge the discretionary aspects of his sentence on direct appeal, but the basis stated was that [Jackson's] sentences were imposed beyond the Sentencing Guidelines and imposed consecutively. However, the petition did not assert that direct appeal counsel was ineffective in failing to raise the discretionary aspects of sentence on direct appeal on the basis that the sentences were in violation of the plea bargain. Consequently, [Jackson] has waived his first argument.

*Id*. at 7-8 (citations and footnotes omitted; emphasis added).

On July 9, 2019, Jackson petitioned the trial court to enforce his plea agreement on the same grounds he previously raised in his PCRA appeal. He insisted that he sought relief from an illegal sentence because a court is bound to honor the terms of a negotiated plea agreement that the court expressly accepts. The trial court denied the petition in the order now on review, finding it to be untimely.

Jackson appealed and the trial court explained in its 1925(a) opinion that it had no jurisdiction to provide the requested relief because Jackson's petition was filed many years beyond the filing deadline. *See* Trial Court's 1925(a) Opinion, 10/16/2019, at 1-2 (citing *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015)).[2] The trial court also stressed that

_____

[2] A defendant may seek to modify a sentence in a post-sentence motion within 30 days from the date on which it is imposed. *See* 42 Pa.C.S. § 5505.

- 4 -

"a claim that a defendant did not receive the sentence promised in a plea agreement does not implicate the legality of a sentence and may be waived by failing to raise it on direct appeal." Trial Court's 1925(a) Opinion, 10/16/2019, at 3 (quoting **Jackson**, 1785 WDA 2012, at 7-8).

Jackson's petition was properly denied regardless of its potential merit.[3] His direct appeal concluded in 2007 and he has never asserted that he received a sentence which exceeds the maximum term permitted by law. Under those circumstances, Jackson waived the right to enforce the terms of a plea agreement by not timely preserving and raising the issue on direct appeal or as a PCRA claim. **See Jackson**, 1785 WDA 2012, at 7-8; **see also Commonwealth v. Berry**, 877 A.2d 479, 482-84 (Pa. Super. 2005).

Accordingly, as we have previously held,[4] Jackson has waived his present claim and he is entitled to no relief.

Order affirmed.

_____

[3] In Jackson's PCRA appeal, the Commonwealth conceded that as to his misdemeanor offenses, Jackson received a sentence beyond the sentencing guidelines even though the plea agreement called for a sentence within sentencing guidelines. **See** Appellee's Brief, at 21. As discussed above, this Court nevertheless declined to address the merits of that claim because it had been waived. **See Commonwealth v. Jackson**, 1785 WDA 2012, at 7-8 (Pa. Super. January 9, 2015) (unpublished memorandum).

[4] The Commonwealth correctly notes that this result is further compelled by the "law of the case doctrine," a tenet of judicial economy which generally precludes alteration of "the resolution of a legal question previously decided by the same appellate court." **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/2020