J-S30027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM SCOTT RITTER, JR. :
:
Appellant : No. 601 EDA 2022

Appeal from the PCRA Order Entered November 24, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002238-2009

BEFORE: STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY McCAFFERY, J.: **FILED JUNE 9, 2023**

William Scott Ritter, Jr. (Appellant), appeals *pro se* from the order entered November 24, 2021, in the Monroe County Court of Common Pleas denying his "Petition for Post Conviction Collateral Relief Pursuant to 42 Pa.C.S. § 9545 and/or Writ of *Coram Nobis*." We quash this appeal as untimely filed.

Upon our initial review of this matter, we observed that Appellant's notice of appeal — filed on February 23, 2022 — appeared to be untimely filed from the order denying relief on November 24, 2021. *See* Pa.R.A.P. 903(a) (requiring appeal be filed within "30 days after the entry of the order from which the appeal is taken"). The docket indicates that notice of the order was sent to Appellant by first class mail on the day it was entered — November 24,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2021. *See* Docket Entry, 11/24/21. The record also includes an affidavit signed by the Monroe County Senior Deputy Clerk that attests the order was mailed to Appellant on November 29th. *See* Affidavit, 11/29/21. Nevertheless, Appellant insists the order was not mailed to him until January 27, 2022. *See* Appellant's Brief at 30-31. Further, in response a rule to show cause issued by this Court, Appellant implied he was in possession of a postmarked envelope that would support his claim. *See* Appellant's Response to Rule to Show Cause, 5/19/22, at 2. Therefore, we remanded the case to the trial court to conduct a limited hearing to determine when its November 24th order was mailed to Appellant, so that we could determine if the appeal was timely filed.

The trial court conducted a hearing on March 21, 2023, at which time Appellant failed to provide any documentation to support his assertion that the order was not mailed to him until January of 2022. *See* Order, 5/30/23, at 1 (unpaginated). However, Appellant continued to insist that the United States Postal Service (USPS) could provide evidence supporting his allegation. Accordingly, the trial court granted Appellant's request "to direct the [USPS] to investigate and provide a mail image of the envelope containing [the court's o]rder" and "left the record open for 45 days" so that Appellant could supplement the record. *See id.* Appellant failed to do so.

On May 30, 2023, the trial court entered an order determining that its November 24th order denying Appellant's petition was "served upon [Appellant] by the Court [no later than] November 30, 2021, as reflected in

the docket entries[,]"[1] so that Appellant's untimely notice of appeal did not result "from a breakdown in the court system."  Order, 5/30/23.

Upon our review, we agree Appellant's notice of appeal filed on February 22, 2022, was untimely, and that Appellant did not prove that his failure to file a timely notice of appeal resulted from a breakdown in the operations of the court.  *See Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019) (breakdown in court system may excuse untimely notice of appeal).  Because we have "no jurisdiction to consider untimely appeals," we quash this appeal.  *See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244-45 (Pa. Super. 2015).

Appeal quashed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2023

---

[1] It is unclear why the trial court referred to the November 30, 2021, date in its order.  As noted above, the docket entries indicate the November 24th order was mailed that same day, while an affidavit filed by the Senior Deputy Clerk indicates it was mailed on November 29th.  Regardless, even if we determine the order was mailed on November 30, 2021, Appellant's notice of appeal was not filed until February 22, 2022, which would still be untimely.