J-S68024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS MARTIN BALDWIN | : | |
| | : | |
| Appellant | : | No. 1975 MDA 2016 |

Appeal from the Judgment of Sentence July 19, 2016
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000752-2015

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 01, 2018**

Appellant, Thomas Martin Baldwin, appeals from the Judgment of Sentence entered in the Cumberland County Court of Common Pleas on July 19, 2016.  We quash this appeal.

A detailed recitation of the facts is unnecessary to our disposition. Briefly, a jury convicted Appellant of one count each of Aggravated Assault, Firearms Not to be Carried without a License, Unlawful Restraint, Terroristic Threats, Simple Assault, False Imprisonment, Rape by Forcible Compulsion, Rape by Threat of Forcible Compulsion, Harassment, and two counts of Sexual Assault.[1]  On January 19, 2016, the court sentenced Appellant to an aggregate term of 10 to 20 years' incarceration.

_____

[1] 18 Pa.C.S. § 2702(a)(1); 18 Pa.C.S. § 6106(a)(1)' 18 Pa.C.S. § 2902(a)(1); 18 Pa.C.S. § 2706(a)(1); 18 Pa.C.S. § 2701(a)(1); 18 Pa.C.S. §
*(Footnote Continued Next Page)*

_____

\*   Retired Senior Judge assigned to the Superior Court.

At Appellant's sentencing hearing, the court informed Appellant that "[a]ny [P]ost-[S]entence [M]otion must be filed within 10 days of today's date[,]" and that "an appeal must be filed within 30 days of today's date, unless you have filed a timely [P]ost-[S]entence [M]otion." N.T. Sentencing, 7/19/16, at 29.

By Order dated July 19, 2016, but not docketed until two days later on July 21, 2016, the trial court, *inter alia*, permitted trial counsel to withdraw; appointed the office of the Public Defender to represent Appellant; ordered the transcription of all notes of testimony; and gave new counsel "30 days from the date of receipt of the transcripts" to file a Post-Sentence Motion. **See** Order, 7/21/16. Our review of the record, including the Notes of Testimony, indicates that, by this Order the court intended to enlarge the time for Appellant to file his Post-Sentence Motion from within 10 days of his Judgment of Sentence as provided in the Rules, to within 30 days of his Judgment of Sentence, not 30 days following Appellant's receipt of the Notes of Testimony as the court actually provided in the Order. **See**, **e.g.**, N.T., 11/22/16, at 2-12 (counsel discussing with the court that Appellant untimely filed his Post-Sentence Motion on August 19, 2016, 31 days after entry of his Judgment of Sentence, noting that "[o]n the 19th, on the day of sentencing, [the court]gave 30 days, which was implicitly an extension" and "so from

(Footnote Continued) ————————

2903(a); 18 Pa.C.S. § 3121(a)(1); 18 Pa.C.S. § 3121(a)(2); 18 Pa.C.S. § 2709(a)(1); and 18 Pa.C.S. § 3124.1, respectively.

that Order it was 30 days just almost like your appeal date, and the 30 days here would have been August 18th, and now it wasn't filed until August 19th. So the 30 days you granted, it wasn't filed within that[.]").

On August 10, 2016—22 days after the Judgment of Sentence—Appellant filed a "Motion for Enlargement of Time to File Post[-]Sentence Motions," which the trial court denied on August 17, 2016. In its Order, the court recognized that it may not retain jurisdiction beyond 30 days of Appellant's Judgment of Sentence absent the filing of a **timely** Post-Sentence Motion. *See* Order, 8/17/16. *See also* Pa.R.Crim.P. 720(A)(1), (3). At no time did the court characterize this as a motion for *nunc pro tunc* relief. Even if it could be characterized as an application for post-sentence *nunc pro tunc* relief, the court denied it.

On August 19, 2016—31 days after entry of his Judgment of Sentence—Appellant filed a Post-Sentence Motion.

On September 26, 2016, the court entered an Order scheduling a hearing on what it characterized, for the first time, as Appellant's "*nunc pro tunc*" Post-Sentence Motion, stating, without citation to the record, that it had "previously allowed [Appellant] to file such [P]ost-[S]entence [M]otion *nunc pro tunc*[.]" *See* Order 9/26/16. There is no entry in the docket of the court granting such *nunc pro tunc* post-sentence relief. The docket contains only a notation that the trial court denied Appellant's August 10, 2016 Motion.

At the hearing on Appellant's Post-Sentence Motion, the Commonwealth argued that Appellant had filed his Motion untimely, and that the court was, thus, without jurisdiction to consider it. N.T., 11/22/16, at 3, 8-11. Notably, Appellant's counsel conceded at the hearing that Appellant filed his Post-Sentence Motion "one day perhaps too late." *Id.* at 7. Following the hearing, the court issued an Order acknowledging that Appellant had filed the Motion "only one day late," and denied the Motion on its merits. Order 11/30/16.

On December 7, 2016, Appellant filed his appeal from his Judgment of Sentence. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the trial court abuse its discretion when it allowed the Commonwealth to introduce evidence related to [Appellant's] prior relationship with two other females under Pennsylvania Rule of Evidence 404(b) when the facts of this case and the facts of the two past relationships were not so unusual and distinctive as to be like a signature.

Appellant's Brief at 7 (footnote omitted).

Before addressing the merits of the claim raised by Appellant, we consider whether we have jurisdiction over this appeal.

"Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super 2004) (*en banc*) (citation omitted). "[A] direct appeal in a criminal proceeding lies from the judgment of sentence." *Commonwealth v. Preacher*, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003). Sitting *en banc*,

this Court has interpreted the language of "imposition of sentence" as the date the trial court pronounced the sentence in open court. *Green*, 862 A.2d at 619. "The time for filing an appeal can be extended beyond [thirty] days after the imposition of sentence only if the defendant filed as timely post-sentence motion." *Id.* at 618; Pa.R.A.P. 720(A)(2). Pursuant to Pa.R.Crim.P. 720(A)(1), a post-sentence motion must be filed no later than ten days after the imposition of sentence. An untimely post-sentence motion does not toll the thirty-day appeal period. *Green*, 862 A.2d at 618.

In the case at hand, the court imposed Appellant's Judgment of Sentence on July 19, 2016; thus, he had until July 29, 2016 to file a timely Post-Sentence Motion. Pa.R.Crim.P. 720(A)(1). However, Appellant waited 31 days, until August 19, 2016, to file his Motion. Because Appellant filed an untimely Post-Sentence Motion, the appeal period could be tolled "only if the trial court accepted it under its limited authority to allow the filing of a post-sentence motion *nunc pro tunc*." *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015).

"[A] post-sentence motion *nunc pro tunc* may toll the appeal period, **but only if** two conditions are met." *Id.* (citing *Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*)) (emphasis added). "First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*." *Capaldi*, 112 A.3d at 1244. "Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within 30

- 5 -

days of the imposition of sentence." ***Id.*** (citation omitted, emphasis in original). The time for filing an appeal is not tolled if the trial court does not expressly grant *nunc pro tunc* relief. ***Id.*** "Moreover, the trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." ***Id.*** (citation and quotation omitted).

We note that the trial court's attempt in its July 21, 2016 Order to prospectively enlarge the time for Appellant to file a Post-Sentence Motion was without legal effect. Pennsylvania law is clear that the only way for an appellant to enlarge the time for filing a post-sentence motion is to seek permission to file a post-sentence motion *nunc pro tunc*, and for the court to expressly grant such permission within 30 days of the appellant's judgment of sentence. Thus, the court lacked the authority to enter that portion of the July 21, 2016 Order which extended the time for Appellant to file his Post-Sentence Motion to within 30 days of his receipt of the transcribed Notes of Testimony.

In addition, Appellant did not file a Post-Sentence Motion *nunc pro tunc* within 30 days of his Judgment of Sentence. Rather, Appellant filed his "Post-Sentence Motion" on August 19, 2016, 31 days after entry of his Judgment of Sentence, and one day after his Judgment of Sentence became final.

Even if Appellant had filed his Post-Sentence Motion within 30 days of his Judgment of Sentence, ***Dreves*** would not apply because Appellant did

not satisfy either of the prerequisites for *nunc pro tunc* relief. First, Appellant did not include in his untimely Post-Sentence Motion a request that the trial court receive it as filed *nunc pro tunc*. Secondly, the trial court did not expressly grant permission to file the Post-Sentence Motion *nunc pro tunc*. The trial court's action of accepting Appellant's untimely Post-Sentence Motion as filed *nunc pro tunc*, and then denying it on the merits "is not a proper substitute for an order expressly granting the right to file a post-sentence motion *nunc pro tunc*." **Capaldi**, 112 A.3d at 1245 (citation omitted).

Because the trial court's attempt to enlarge the time within which Appellant was required to file a Post-Sentence Motion was a nullity and Appellant did not file a Post-Sentence Motion *nunc pro tunc* within 30 days of entry of his Judgment of Sentence, he was required to file his appeal within 30 days of imposition of sentence. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). The court sentenced Appellant on July 19, 2016. He filed his appeal on December 7, 2016—141 days later. Thus, this appeal is untimely.

Appeal quashed.[2]

Judge Lazarus joins this memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/18

---

[2] This disposition is without prejudice to Appellant's right to seek reinstatement *nunc pro tunc* of his post-sentence rights.