J-A04040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIK LONDON | : | |
| | : | |
| Appellant | : | No. 523 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 12, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002141-2017,
CP-45-CR-0002142-2017, CP-45-CR-0002143-2017

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*], and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MARCH 19, 2020**

Appellant, Erik London, appeals from judgments of sentence imposed by the Court of Common Pleas of Monroe County (trial court) in three consolidated criminal cases.  Because Appellant did not timely file any appeals from the judgments of sentence, we lack jurisdiction and therefore quash the appeals.

The three cases arose out of altercations that Appellant had with his mother (Victim) in the summer of 2017.  In CP-45-CR-0002141-2017 (CR-2141-2017), the Commonwealth charged Appellant with simple assault and

_____

[*] Retired Senior Judge assigned to the Superior Court.

harassment of Victim and with resisting arrest[1] in an incident at Victim's house on June 22, 2017. In CP-45-CR-0002142-2017 (CR-2142-2017), the Commonwealth charged Appellant with strangulation, simple assault, and harassment of Victim[2] in an incident at Victim's house on August 27, 2017. In CP-45-CR-0002143-2017 (CR-2143-2017), the Commonwealth charged Appellant with burglary and criminal trespass for breaking into Victim's house and simple assault and harassment of Victim,[3] based on a second incident on August 27, 2017.

The three cases were consolidated and tried together before a jury on July 12 and 13, 2018, with the summary offense harassment charge in each case tried to the court. In CR-2141-2017, the jury acquitted Appellant of simple assault and convicted Appellant of resisting arrest, and the trial court convicted Appellant of harassment. CR-2141-2017 Verdict; CR-2141-2017 Trial Court Order, 7/13/18. In CR-2142-2017, the jury acquitted Appellant of strangulation and convicted him of simple assault, and the trial court convicted Appellant of harassment. CR-2142-2017 Verdict; CR-2142-2017 Trial Court Order, 7/13/18. In CR-2143-2017, the jury acquitted Appellant of burglary and simple assault and convicted him of criminal trespass, and the trial court

---

[1] 18 Pa.C.S. §§ 2701(a)(1), 2709(a)(1), and 5104, respectively.

[2] 18 Pa.C.S. §§ 2718(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

[3] 18 Pa.C.S. §§ 3502(a)(1)(i), 3503(a)(1)(ii), 2701(a)(1), and 2709(a)(1), respectively.

convicted Appellant of harassment.  CR-2143-2017 Verdict; CR-2143-2017 Trial Court Order, 7/13/18.

On October 12, 2018, the trial court sentenced Appellant to the following periods of incarceration: concurrent sentences of 60 days to 6 months for resisting arrest and 30 days for harassment in CR-2141-2017, 90 days to 6 months for simple assault in CR-2142-2017,[4] and concurrent sentences of 90 days to 6 months for criminal trespass and 30 days for harassment in CR-2143-2017.  CR-2141-2017, CR-2142-2017, and CR-2143-2017 Sentencing Orders; N.T. Sentencing at 10-12.  The trial court ordered that the sentences in the three cases were to run consecutively, resulting in an aggregate sentence of 8 months to 18 months.  CR-2141-2017 Sentencing Order; N.T. Sentencing at 10-12.

Appellant did not file any post-sentence motion or appeal within 30 days.  On January 11, 2019, 91 days after the imposition of these sentences, Appellant's counsel  filed a document in each of the three cases entitled "Nunc Pro Tunc Motions for Reconsideration" in which he asserted only the following as grounds for *nunc pro tunc* relief:

> 4. During the time since sentencing, including up to and including the present time, London has been housed in the intensive unit at the Monroe County Correctional facility.
> 5. This has made communication with London very difficult and sporadic at best.

---

[4] The trial court imposed no sentence for the harassment conviction in CR-2142-2017 because it merged with the simple assault conviction in that case.

6. As a result, counsel did not receive notice from London that he wanted to seek reconsideration, in preparation for Appeal of the several underlying trial issues, until well after the necessary time period for such Motion to be filed.

Nunc Pro Tunc Motions for Reconsideration at 1-2.

On January 15, 2019, the trial court issued orders in all three cases granting Appellant leave to file his post-sentence motions *nunc pro tunc*, but denying the motions on the merits. CR-2141-2017, CR-2142-2017, and CR-2143-2017 Trial Court Orders, 1/15/19. In these orders, the trial court further stated:

> Pursuant to Pennsylvania Rule of Criminal Procedure 720(8)(4), Defendant is notified that he is entitled to the following:
> (a) the right to appeal to the Superior Court of Pennsylvania within thirty (30) days of the date of this Order;
> (b) the right to assistance of counsel in the preparation of the appeal;
> (c) the rights, if indigent, to appeal in forma pauperis and to proceed with assigned counsel as provided in Rule 122; and
> (d) the qualified right to bail under Rule 521 (B).

*Id.*

On February 13, 2019, Appellant filed a notice of appeal bearing the docket numbers of all three cases. On October 4, 2019, Appellant filed his brief in this appeal, raising three claims of error: 1) the exclusion, pursuant to the Wiretapping and Electronic Surveillance Control Act, of an audio recording that Appellant sought to introduce of a telephone call with Victim's friend, which Victim's friend testified was recorded without her knowledge or consent; 2) the admission of testimony that Appellant was found in possession of cocaine in February 2018 and was charged with drug possession; and 3)

- 4 -

statements in the Commonwealth's closing argument concerning the credibility of witnesses. The Commonwealth did not file a brief.

On November 13, 2019, this Court issued a rule to show cause directing Appellant to 1) show why the appeal should not be quashed under *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) because he filed only a single notice of appeal that appealed judgments of sentence in three cases; and 2) also show why the appeal should not be quashed as untimely under *Commonwealth v. Capaldi*, 112 A.3d 1242 (Pa. Super. 2015) because it was filed more than 30 days after judgment of sentence and permission to file a post-sentence motion *nunc pro tunc* was not granted by the trial court within 30 days after judgment of sentence. Appellant filed a timely response to the rule to show cause, and on December 4, 2019, the Court referred the *Walker* and untimely appeal issues to the merits panel for consideration.

Before we may consider any of the issues raised by Appellant, we must determine whether we have jurisdiction over the appeal. We conclude that we do not because Appellant's appeals are untimely and Appellant has shown no basis for *nunc pro tunc* relief.

If no post-sentence motion or motion by the Commonwealth to modify sentence is filed, a defendant must file an appeal within 30 days of the imposition of sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3); *Capaldi*, 112 A.3d at 1244. If the defendant files a timely post-sentence motion, the appeal period does not begin to run until the motion is

decided, denied by operation of law, or withdrawn. Pa.R.Crim.P. 720(A)(2); *Capaldi*, 112 A.3d at 1244.

Appellant was required to file his post-sentence motions within 10 days of imposition of sentence. Pa.R.Crim.P. 720(A)(1). Appellant's post-sentence motions, filed over 90 days after imposition of sentence, were patently untimely. An untimely post-sentence motion does not extend the 30-day appeal period. *Capaldi*, 112 A.3d at 1244; *Commonwealth v. Green*, 862 A.2d 613, 618-19 (Pa. Super. 2004) (*en banc*).

Appellant did seek leave to file his post-sentence motions *nunc pro tunc* and the trial court granted that request. However, a post-sentence motion *nunc pro tunc* tolls the appeal period **only** if the defendant requests leave to file *nunc pro tunc* within 30 days of the imposition of sentence **and** the trial court expressly grants permission to file *nunc pro tunc* within 30 days of the imposition of sentence. *Capaldi*, 112 A.3d at 1244; *Commonwealth v. Dreves*, 839 A.2d 1122, 1128-29 & n.6 (Pa. Super. 2003) (*en banc*).

> [A] post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. "The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion." Second, the trial court must expressly permit the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence.

*Capaldi*, 112 A.3d at 1244 (quoting *Dreves*, citations omitted, emphasis omitted).

Appellant's appeals were filed 124 days after the imposition of sentence in all three cases. While the appeals were filed 29 days after the trial court ruled on the post-sentence motions and granted Appellant's request to file his post-sentence motions *nunc pro tunc*, the post-sentence motions did not extend the 30-day appeal period because they were untimely and permission to file *nunc pro tunc* was neither sought nor granted within the 30-day appeal period. ***Capaldi***, 112 A.3d at 1244-45; ***Dreves***, 839 A.2d at 1128 & n. 6.

Appellant has not set forth any basis on which this Court could find his appeals timely. In his response to the rule to show cause, Appellant argued only that the trial court's order granted him the right to appeal until February 14, 2019 and that the appeal was filed within that period. Response to Rule to Show Cause ¶2. That argument fails because Appellant's January 2019 request for *nunc pro tunc* relief and the trial court's grant of that relief were too late to affect the appeal deadline and make this appeal timely under ***Capaldi*** and ***Dreves***.

Moreover, neither Appellant's request for *nunc pro tunc* relief with respect to his post-sentence motions nor his response to the rule to show cause sets forth any basis for allowing a *nunc pro tunc* appeal. Appellant did not allege that anything prevented him from filing an appeal within 30 days of his sentencing in his request for *nunc pro tunc* relief. Rather, he alleged only that as a result of prison-related communication problems, "counsel did not receive notice from [Appellant] that he wanted to seek reconsideration, in

- 7 -

preparation for Appeal of the several underlying trial issues, until well after the necessary time period for such Motion to be filed." Nunc Pro Tunc Motions for Reconsideration ¶¶4-6. This alleges only that counsel did not learn of Appellant's desire to file a post-sentence motion within 10 days, not that he did not learn that Appellant wished to appeal until after the 30-day appeal period. The request for *nunc pro tunc* relief did not plead a date when counsel learned of Appellant's wishes that would show that the appeal could not have been filed within 30 days, let alone show a reason for the failure to act for over 90 days.

The trial court's statement in its January 15, 2019 orders that Appellant had 30 days from that date to appeal likewise cannot be grounds for allowing *nunc pro tunc* relief. While erroneous, this statement by the trial court could not have caused Appellant's failure to timely appeal because the appeal period had already expired in November 2018, long before the trial court's orders containing that statement were issued in January 2019.

Because Appellant did not file any timely notice of appeal and has not alleged any ground that would support allowing a *nunc pro tunc* appeal here, we are compelled to quash these appeals.[5]

Appeals quashed.

---

[5] In light of our conclusion that the appeals must be quashed on untimeliness grounds, we need not and do not address whether the appeals must be quashed under **Walker** for failure to file a separate appeal in each case.

Judge Strassburger joins the Memorandum.

President Judge Panella files a Concurring Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/2020