J-S23043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MIQUEL ZIEGLER | : | |
| | : | |
| Appellant | : | No. 519 EDA 2020 |

Appeal from the PCRA Order Entered December 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007786-2017

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    Filed: October 13, 2021

Appellant, Miquel Ziegler, appeals from a purported December 30, 2019 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. However, such an order does not appear in the certified record on appeal.  We remand the matter for the PCRA court either to enter an order that complies with Pa.R.Crim.P. 907 and Pa.R.A.P. 301, or, if such an order was already entered but omitted from the certified record, to ensure that the certified record on appeal is complete.

On May 25, 2018, Appellant pleaded guilty to third-degree murder, possession of an instrument of crime, and attempted murder.  Pursuant to the negotiated plea, the trial court sentenced Appellant on the same date to 20 to 40 years of incarceration for third-degree murder, a consecutive sentence of

_____

[*] Retired Senior Judge assigned to the Superior Court.

20 to 40 years of incarceration for attempted murder, and a consecutive sentence of two and one-half to five years of incarceration for possession of an instrument of crime.[1]

Appellant did not file a direct appeal. On April 1, 2019, Appellant *pro se* filed a PCRA petition. Counsel was appointed and later filed a motion to withdraw and a "no-merit" letter pursuant to ***Turner***/***Finley***.[2] On December 6, 2019, the PCRA court issued notice that it intended to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant *pro se* filed a response. On December 30, 2019, the docket contains an entry indicating that the PCRA court dismissed Appellant's petition and granted counsel's motion to withdraw. However, this order does not appear in the certified record transmitted to this Court, the significance of which we discuss *infra*.

Appellant *pro se* filed the instant notice of appeal, which the PCRA court docketed on January 31, 2020. The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one. The PCRA court did not file an opinion pursuant to Pa.R.A.P. 1925(a); this Court received a letter instead indicating that the trial judge had retired after dismissing Appellant's petition.

---

[1] Appellant also pleaded guilty to strangulation at docket number CP-51-CR-0007785-2017. The court sentenced him to two and one-half to five years of incarceration, which ran concurrently to his charges at the instant docket. Appellant did not file a notice of appeal in relation to docket number CP-51-CR-0007785-2017.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On September 23, 2020, this Court issued a rule to show cause as to why it should not quash Appellant's appeal as untimely filed. Upon considering Appellant's response, we discharged the rule to show cause and referred the issue to this panel. Accordingly, before we address the substantive issues raised by Appellant, we must determine the timeliness of the filing of Appellant's notice of appeal. *See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (explaining that the timeliness of an appeal impacts our jurisdiction). Rule 902 requires a notice of appeal to be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 902(a). On its face, Appellant's notice of appeal appears to be untimely filed, having been filed two days after the purported deadline based on the docket entry for the order dismissing Appellant's PCRA petition.

However, as we noted *supra*, the order dismissing the PCRA petition does not appear in the certified record. Rule 301, entitled Requisites of an Appealable Order, provides that except in a circumstance not applicable here, no order of court shall be appealable until it has been entered upon the appropriate docket in the trial court. Pa.R.A.P. 301(a)(1). Rule 301 further requires that every order shall be set forth on a separate document. Pa.R.A.P. 301(b).

Additionally, our Rules of Criminal Procedure require specific notice of a dismissal of a PCRA petition without a hearing. Pa.R.Crim.P. 907(4) provides:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right of appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4). Pursuant to Rule 114, service shall be prompt and in writing by "sending a copy to an unrepresented party by certified, registered, or first-class mail addressed to the party's place of ... confinement." Pa.R.Crim.P. 114(B)(3)(a)(v).[3]

The certified record contains no indication that the PCRA court issued a separate order dismissing Appellant's petition, served such order upon Appellant, or provided notice to Appellant via certified mail, return receipt requested, in accordance with Pa.R.Crim.P. 907(4).

Because the certified record neither contains a separate appealable order dismissing Appellant's petition in accordance with Pa.R.A.P. 301(b) and Pa.R.Crim.P. 907(4), nor a notice to Appellant of his rights in accordance with Rule 907(4), we remand this case to the PCRA court. We direct the PCRA court to enter a final and separate order denying Appellant's PCRA petition that complies with Rules 301 and 907 within ten days of the filing of this

---

[3] Combined, Rules 907 and 114 permit the dismissal order to be mailed via first-class mail, but only if a notice of appellate rights and timeframes is sent separately via certified mail, return receipt requested. PCRA courts frequently include the notice within the order, which then triggers the requirement that the combined order and notice be sent via certified mail.

Memorandum. If such an order has already been entered and merely was omitted from the certified record, we direct the trial court to ensure the certified record is complete within ten days of the filing of this Memorandum.

Case remanded for proceedings consistent with this Memorandum. Panel jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/21