J-S30027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM SCOTT RITTER, JR. | : | |
| | : | |
| Appellant | : | No. 601 EDA 2022 |

Appeal from the PCRA Order Entered November 24, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002238-2009

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED FEBRUARY 14, 2023**

William Scott Ritter, Jr. (Appellant), appeals *pro se* from the order entered November 24, 2021, in the Monroe County Court of Common Pleas denying his "Petition for Post Conviction Collateral Relief Pursuant to 42 Pa.C.S. § 9545 and/or Writ of *Coram Nobis*."  Appellant contends the trial court erred in concluding he was not entitled to relief from his registration requirements under the Sexual Offender Registration and Notification Act (SORNA)[1] through a writ of *coram nobis*.  For the reasons below, we remand

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** Sexual Offenders Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.51-9799.75 (Subchapter I).   Subchapter I applies to those "individuals who were . . . convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, [and] whose period of registration . . . ha[d] not expired" when SORNA was enacted.  42 Pa.C.S. § 9799.52(1).

for a limited hearing to determine when notice of the court's order denying

relief was sent to Appellant.

The relevant facts and procedural history underlying this appeal are

summarized by the trial court as follows:

> In late 2009, the Commonwealth charged [Appellant] with a variety of crimes stemming from a February 7, 2009[,] online sexual interaction between [Appellant] and who he believed was a fifteen year old girl named "Emily." "Emily," however, was actually Detective Ryan Venneman posing as a minor as part ·of an undercover police operation.
>
> Prior to trial, the Commonwealth learned of [Appellant's] prior arrests for similar conduct in New York through a Google search. The Commonwealth requested and received records concerning those arrests from the Albany County District Attorney's [O]ffice, which unbeknownst to the Commonwealth, were filed under seal. Once the Commonwealth learned that the records were sealed, it returned the files and petitioned the Albany County trial court for the records to be unsealed. That petition was granted by the New York court and the Commonwealth, over [Appellant's] objection, successfully introduced those arrest records as evidence during trial.
>
> With the New York arrest records introduced as additional evidence, a jury found [Appellant] guilty of [three counts of unlawful contact with a minor, and one count each of attempted corruption of a minor, criminal use of a communication facility, and indecent exposure.[2]]
>
> Prior to sentencing, the New York Supreme Court, Appellate Division, held that the initial decision to unseal the records concerning [Appellant's] New York arrests was incorrect and vacated the unsealing order. [Appellant] then moved for a new

---

[2] **See** 18 Pa.C.S. § 6318(a)(1), (2), (4), 901(a), 6301(a)(1), 7512(a), and 3127(a), respectively. Appellant was found not guilty of attempted dissemination of obscene or sexually explicit materials. **See** 18 Pa.C.S. §§ 901(a), 5903(c).

trial claiming that the New York records were inappropriately admitted as evidence. The trial court denied [Appellant's] request and sentenced him on October 26, 2011 to an aggregate of 18 to 60 months[' imprisonment] and ordered him to register for life as a [sexually violent predator (SVP).[3]]

Trial Ct. Op., 11/24/21, at 1-2 (unpaginated).

Appellant filed a direct appeal arguing the trial court erred in permitting the Commonwealth to present evidence of his prior "two police encounters involving like conduct in New York[.]" **Commonwealth v. Ritter**, 975 EDA 2012 (unpub. memo. at 5) (Pa. Super. Nov. 6, 2013), *appeal denied*, 936 MAL 2013 (Pa. May 21, 2014). A panel of this Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied his petition for allowance of appeal.

On April 6, 2015, Appellant filed a timely PCRA petition, once again challenging the court's admission of evidence concerning his New York arrests at trial, and arguing, alternatively, that he was entitled to a new SVP hearing "free from the taint of the unlawfully obtained evidence."[4] **See** PCRA Ct. Op., 1/14/16, at 7. The PCRA court denied relief on January 14, 2016. On appeal, however, a panel of this Court vacated the order and remanded the case back to the PCRA court so that it could properly comply with the requirements of Pa.R.Crim.P. 907 (requiring a PCRA court to notify petitioner of its intent to

---

[3] **See** 42 Pa.C.S. §§ 9799.58 (SVP assessments).

[4] Appellant maintains that the expert who conducted his SVP assessment relied, in part, upon the incidents that occurred in New York in their determination that he qualified as an SVP. **See** Appellant's Brief at 23-24.

dismiss petition without a hearing and provide opportunity to respond).  ***See***
380 EDA 2016, Order, 7/12/16.  Upon remand, the PCRA court complied with
Rule 907 and, thereafter, denied relief.

Appellant again appealed to this Court.  However, on September 12,
2017, the panel affirmed the order denying PCRA relief because Appellant had
completed serving his sentence and was, therefore, ineligible for PCRA relief.
***See Commonwealth v. Ritter***, 3333 EDA 2016 (unpub. memo. at 7-8) (Pa.
Super. Sep. 12, 2017); 42 Pa.C.S. § 9543(a)(1)(i) (petitioner must be
currently serving a sentence of imprisonment, probation or parole as a
prerequisite for relief).

On August 30, 2021, Appellant filed the instant petition for relief.  ***See***
Appellant's Petition for Post Conviction Collateral Relief Pursuant to 42 Pa.C.S.
§ 9545 and/or Writ of Error *Coram Nobis*, 8/30/21.  He asserted, *inter alia*,
that a challenge to his SVP designation "is cognizable under a Writ or *Coram
Nobis*."  ***See id.*** at 14.  On November 24, 2021, the trial court entered an
opinion and order determining Appellant was "not entitled to relief through
*coram nobis*[.]"  Trial Ct. Op., 11/24/21, at 7 (unpaginated).  The certified
docket indicates the order was sent to Appellant *via* first class mail that same
day.  ***See*** Docket Entry, 11/24/21.

Appellant filed a *pro se* notice of appeal on February 23, 2022, which
included the following language:

> Be advised that while the order is dated November 24, 2021, it
> was not mailed to [Appellant] until January 27, 2022, and received
> by [Appellant] on February 2, 2022.  As such, this Notice of Appeal

- 4 -

should be considered timely, as it has been filed within 30 days of notice being given. . . .

Appellant's Notice of Appeal, 2/23/22, at 1 (unpaginated). Appellant later complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In its subsequent opinion, the trial court noted, *inter alia*, that "Appellant's appeal appears facially untimely[,]" and despite Appellant's purported explanation, "[t]here [was] no record of the mail being returned as undeliverable." Trial Ct. Statement Pursuant to Pa.R.A.P. 1925(a), 4/19/22, at 1 (unpaginated).

On May 16, 2022, this Court issued Appellant a *per curiam* order, directing him to show cause why the appeal should not be quashed as untimely filed from the trial court's November 24, 2021, order. **See** Order, 5/16/22. Appellant filed a timely response, again asserting that the order was not mailed to him until January 27, 2022. **See** Appellant's Response, 5/19/22, at 1. Further, Appellant implied that he had a postmarked envelope supporting this claim, and that upon his inquiry, the Monroe County Clerk of Courts "could not account for what happened to the envelope after [it was entered into the system], or why it was not postmarked until January 27, 2022." **See id.** at 2. However, Appellant failed to attach any supporting documentation to his response. On June 2, 2022, the rule to show cause was discharged and the issue was referred to the merits panel. **See** Order, 6/2/22.

Before we may consider the four issues presented in Appellant's brief, we must first determine if his appeal was timely filed. "We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua*

*sponte."* ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015).

It is axiomatic that a notice of appeal must be filed within "30 days after the entry of the order from which the appeal is taken." ***See*** Pa.R.A.P. 903(a). The date of entry of an order is "the day the clerk of the court . . . mails or delivers copies of the order to the parties[.]" Pa.R.A.P. 108(a)(1). Further, pursuant to Pennsylvania Rule of Criminal Procedure 114, it is incumbent upon the clerk of courts to promptly file any orders received, serve them on the parties, and note the date of service on the docket. ***See*** Pa.R.Crim.P. 114(A)(1), (B)(2), (C)(1)-(2).

As noted above, the relevant docket entry herein indicates that the order denying Appellant's petition was sent to him by first class mail on November 24, 2021. ***See*** Docket Entry, 11/24/21. Therefore, Appellant would have had 30 days — or until December 27, 2021 — to file a timely notice of appeal.[5] His appeal filed 58 days later is facially untimely.

Nevertheless, Appellant insists that — despite the notation on the docket — the trial court's order was not mailed to him until January 27th. ***See*** Appellant's Brief at 30-31. If that is true, Appellant's notice of appeal filed on

_____

[5] The thirtieth day, December 24, 2021, fell on a Friday, but was recognized as a court holiday since Christmas Day (December 25th) fell on a Saturday. Therefore, Appellant would have had until Monday, December 27, 2021, to file a timely notice of appeal. ***See*** 1 Pa.C.S. § 1908 (when the last day for the computation of time falls on a weekend or legal holiday, that day is omitted from the computation).

February 23rd would have been timely filed. Therefore, in the interests of justice, we remand this case to the trial court for a limited hearing to determine when its November 24, 2021, order was sent to Appellant, so that we may then decide if the notice of appeal was timely filed, or if Appellant's failure to file a timely appeal resulted from a "breakdown in the court system." *See* Pa.R.A.P. 108(a)(1); ***Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019) ("[I]t has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception to that general rule.") (citation omitted). We direct the trial court to conduct the hearing within 45 days of the filing of this memorandum.

Case remanded for proceedings consistent with this memorandum. Jurisdiction retained.