J-S10017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFREDO CALDERON | : | |
| | : | |
| Appellant | : | No. 224 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 14, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000730-2019

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 08, 2023**

Alfredo Calderon appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, following his convictions of rape of a child,[1] involuntary deviate sexual intercourse with a child,[2] indecent assault,[3] aggravated indecent assault,[4] corruption of minors,[5] and endangering the welfare of children.[6]  Upon review, we affirm.

---

[1] 18 Pa.C.S.A. § 3121(c).

[2] *Id.* at § 3123(b).

[3] *Id.* at § 3126(a)(7).

[4] *Id.* at § 3125(a)(7).

[5] *Id.* at § 6301(a)(1)(ii).

[6] *Id.* at § 4304(a)(1).

In light of the procedural and briefing failures discussed *infra*, we do not provide a lengthy recitation of the facts. Briefly, on October 4, 2018, Calderon was arrested and charged with the above-mentioned crimes in relation to his ongoing physical and sexual abuse of two minor children. Ultimately, on September 21, 2021, Calderon proceeded to a jury trial. On September 23, 2021, Calderon was convicted of the above-mentioned offenses. The trial court ordered the preparation of a pre-sentence investigation report and postponed sentencing.

On December 6, 2021, the trial court conducted a sentencing hearing, after which it sentenced Calderon to an aggregate term of 15 to 30 years' incarceration. On December 14, 2021, the trial court entered an amended sentencing order.[7]

On January 13, 2022, Calderon filed a timely notice of appeal.[8] On March 16, 2022, Calderon filed a request, in the trial court, to file a post-

---

[7] The trial court does not expressly state why it entered an amended judgment of sentence. However, it appears from our review of the record that the December 6, 2021 judgment of sentence did not indicate under what Sexual Offender Registration and Notification Act (SORNA) tier, 42 Pa.C.S.A. §§ 9799.10-9799.75, Calderon was required to register. The December 14, 2021 amended judgment of sentence indicates that Calderon is a Tier III offender. *See* Amended Judgment of Sentence, 12/14/21, at 1.

[8] Calderon's notice of appeal states that he appeals from the December 6, 2021 judgment of sentence; however, this appeal properly lies from the December 14, 2021 amended judgment of sentence. *See Commonwealth v. Garzone*, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010) (where trial court amends judgment of sentence within period jurisdiction is maintained, direct appeal lies from amended judgment of sentence).
*(Footnote Continued Next Page)*

sentence motion *nunc pro tunc*. On the same day, the trial court entered an order granting Calderon's request and permitting him to file a *nunc pro tunc* post-sentence motion. Calderon filed a post-sentence motion, which the trial court denied on June 6, 2022. Calderon subsequently filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court filed a Rule 1925(a) opinion.

On June 29, 2022, this Court issued a Rule to Show Cause why the trial court's March 16, 2022 order, and June 6, 2022 order, should not be vacated as legal nullities for lack of jurisdiction. ***See*** Pa.R.A.P. 1701(a) ("after an appeal is taken . . . the trial court or other government unit may no longer proceed further in the matter."). The trial court filed a response, in which it agreed that the orders were legal nullities. This Court, on October 17, 2022, discharged the Rule to Show Cause and deferred the matter to the merits panel.

Calderon raises the following claims on appeal:

1. Was [Calderon]'s conviction against the weight of the evidence?

2. Did the Commonwealth prove beyond a reasonable doubt each element of the crime that [Calderon] was convicted of[?]

Brief for Appellant, at 6.

---

Additionally, Calderon labeled his notice of appeal as "*nunc pro tunc*." However, because his appeal properly lies from the December 14, 2021 amended judgment of sentence, his notice of appeal is timely.

Preliminarily, we note that the trial court's March 6, 2022 and June 6, 2022 orders were legal nullities. *See* Pa.R.A.P. 1701(a). Because Calderon had already filed a notice of appeal, the trial court lacked jurisdiction to extend the time for Calderon to file a post-sentence motion. *See id.*; Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); ***Commonwealth v. Capaldi***, 112 A.3d 1242 (Pa. Super. 2015) (trial court must expressly grant permission to file post-sentence motion *nunc pro tunc*); ***see also Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003) (en banc) (post-sentence motion *nunc pro tunc* may toll appeal period, but only if two conditions are met: (1) within 30 days of imposition of sentence, defendant must ask the trial court to consider a post-sentence motion *nunc pro tunc*; (2) trial court must expressly permit filing on post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence). Calderson's post-sentence motion *nunc pro tunc* was not timely filed, nor was it filed within the parameters set forth in ***Dreves***, ***Capaldi***, and our appellate rules. Accordingly, Calderon's post-sentence motion does not preserve any of the claims raised therein.

Calderon's first claim, his challenge to the weight of the evidence, is consequently waived. Generally, challenges to the weight of the evidence must be preserved either before sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(A)(1)-(3) (claims challenging weight of evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before

- 4 -

sentencing; or (3) in a post-sentence motion"); *Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa. Super. 2014) (failure to preserve weight claim under Rule 607 results in waiver). Instantly, Calderon did not raise his challenge to the weight of the evidence at any point prior to sentencing, and, as outlined above, Calderon's post-sentence motion could not have preserved any claims, because it was not timely filed and the trial court's March 16, 2022 order granting *nunc pro tunc* relief was a legal nullity. *See* Pa.R.A.P. 1701(a); *Dreves*, *supra*; *Capaldi*, *supra*. Therefore, this claim is waived on appeal. *See* Pa.R.Crim.P. 607(A)(1)-(3); *Thompson*, *supra*.

Calderon's second claim, his challenge to the sufficiency of the evidence, is also waived for our review. While this claim is stated in his statement of questions involved, it is not contained within the argument section of his brief. Accordingly, we conclude that this claim has been waived.[9] *See* Pa.R.A.P. 2119(a) (providing appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent"). Additionally, Calderon was convicted of six offenses, but fails to specify which offenses and which elements he challenges. *See Commonwealth v. Johnson*, 985 A.2d 915,

---

[9] Moreover, we observe that the trial court, in its opinion, likewise had difficulties addressing Calderon's claims, due to Calderon's Rule 1925(b) statement being vague and unspecific. *See* Trial Court Opinion, 7/7/22, at 2-4 (trial court's preparation of Rule 1925(a) opinion hampered by Calderon's failure to specify which convictions and elements he challenged). Thus, Calderon's deficient Rule 1925(b) statement likewise supports our finding of waiver for his sufficiency claim. *Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa. Super. 2002) (bald statements of insufficiency do not satisfy Rule 1925(b) concise statement requirements).

924 (Pa. 2009) ("where an appellate brief fails to . . . develop the issue in any [] meaningful fashion capable of review, that claim is waived"); ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (explaining appellant's briefing requirements and duties to "present arguments that are sufficiently developed for our review. . . . This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *5/8/2023*